UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

WILLIE J. GREEAR JR., )
)
    Plaintiff, )
)
vs. )  Case No.:  5:13-cv- 11896-JCO-DRG
)
EQUIFAX INC., )
)
    Defendant. )
)

| | |
|---|---|
| WILLIE J. GREEAR, JR.<br>29319 Fieldstone<br>Farmington Hills, MI 48334<br>248/225-9694<br>Plaintiff, Pro Se | CLARK HILL PLC<br>Jordan S. Bolton (P66309)<br>500 Woodward Avenue, Ste. 3500<br>Detroit, MI  48226-3435<br>(313) 965-8300<br>Email: JBolton@clarkhill.com<br>Attorneys for Equifax Inc.<br><br>KING & SPALDING LLP<br>Brian Olson<br>1180 Peachtree Street, N.E.<br>Atlanta, GA 30309<br>(404) 572-4600<br>Email:  BJOlson@kslaw.com<br>Attorneys for Equifax Information Services LLC |

### EQUIFAX INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

    Defendant, Equifax Inc., by Counsel, hereby files its answers and defenses to Plaintiff's Complaint ("Complaint").

9055508.1 19933/158819

## ANSWER

In answering the Complaint, Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

1. Equifax Inc. admits the allegation in the last sentence in Paragraph 1, that the court has subject matter jurisdiction. Equifax Inc. admits that Plaintiff purports to bring this Complaint for damages for alleged violations of the FCRA. Equifax Inc. denies that it is a proper party to an action under the FCRA, denies that it is liable to Plaintiff for violations of the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax Inc., and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax denies the allegations in Paragraph 2.

3. Equifax Inc. denies the allegations in Paragraph 3 as they relate to Equifax Inc.

4. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax Inc. denies the allegations in Paragraph 5.

6. In response to the allegations in Paragraph 6, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

7. In response to the allegations in Paragraph 7, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

8. In response to the allegations in Paragraph 8, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

9. In response to the allegations in Paragraph 9, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

10. In response to the allegations in Paragraph 10, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

11. In response to the allegations in Paragraph 11, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

12. In response to the allegations in Paragraph 12, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

13. In response to the allegations in Paragraph 13, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

14. In response to the allegations in Paragraph 14, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

9055508.1 19933/158819

15. In response to the allegations in Paragraph 15, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

16. Equifax Inc. denies the allegations in Paragraph 16 as they relate to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax Inc. denies the allegations in Paragraph 17 as they relate to it. Equifax Inc. is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 and, therefore, denies those allegations.

20. Equifax Inc. denies the allegations in Paragraph 20.

21. Equifax Inc. denies the allegations in Paragraph 21.

22. In response to the allegations in Paragraph 22, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

23. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 and, therefore, denies those allegations.

24. Equifax Inc. denies the allegations in Paragraph 24.

25. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 and, therefore, denies those allegations.

9055508.1 19933/158819

26. Equifax Inc. denies the allegations in Paragraph 26.

27. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 and, therefore, denies those allegations.

28. Equifax Inc. denies the allegations in Paragraph 28.

29. Equifax Inc. is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 and, therefore, denies those allegations.

30. Equifax Inc. denies the allegations in Paragraph 30.

31. Equifax Inc. denies the allegations in Paragraph 31.

32. Equifax Inc. restates and incorporates its answers and defenses to Paragraphs 1-31 as if fully stated herein.

33. Equifax Inc. denies the allegations in Paragraph 33.

34. Equifax Inc. denies the allegations in Paragraph 34.

35. Equifax Inc. denies the allegations in Paragraph 35.

36. Equifax Inc. denies the allegations in Paragraph 36.

37. Equifax Inc. denies the allegations in Paragraph 37.

38. Equifax Inc. denies the allegations in Paragraph 38.

39. Equifax Inc. denies the allegations in Paragraph 39.

40. Equifax Inc. denies the allegations in Paragraph 40.

41. Equifax Inc. denies the allegations in Paragraph 41.

42. In response to the allegations in Paragraph 42, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

43. Equifax Inc. denies the allegations in Paragraph 43.

44. Equifax Inc. denies the allegations in Paragraph 44.

45. In response to the allegations in Paragraph 45, Equifax Inc. states that the provisions of the FCRA speak for themselves. To the extent Plaintiff misquotes or misstates provisions of the FCRA, those allegations are denied.

46. Equifax Inc. admits that Plaintiff demands a trial by jury. Equifax Inc. likewise demands a jury trial in this case.

Equifax denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

Equifax denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax Inc. pleads the following defenses to Plaintiff's complaint:

## FIRST DEFENSE

Equifax Inc. asserts that Plaintiff's Complaint fails to state a claim against Equifax Inc. upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

## THIRD DEFENSE

Equifax Inc. is not a consumer reporting agency as defined under the Fair Credit Reporting Act.

## FOURTH DEFENSE

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax Inc. adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### FIFTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### SIXTH DEFENSE

Any responsibility for maintaining consumer reports belonged to Equifax Information Services LLC, not Equifax Inc. Equifax Information Services LLC maintained reasonable procedures to ensure maximum possible accuracy in its consumer reports. To the extent that Plaintiff alleges that Equifax Inc. violated the FCRA, Equifax Inc. is entitled to each and every defense and limitation of liability provided by said Act.

### SEVENTH DEFENSE

Equifax Inc. is not a proper party.

### EIGHTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## NINTH DEFENSE

Injunctive and declaratory relief are not available to private litigants under the FCRA.

Equifax Inc. reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     That it have a jury trial on all issues so triable;

(3)     That it be dismissed as a party to this action;

(4)     That Equifax Inc. recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(5)     That it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 6th day of May, 2013.

Respectfully submitted,

CLARK HILL PLC


By: /s/Jordan S. Bolton

Jordan S. Bolton (P66309)
500 Woodward Avenue, Ste. 3500
Detroit, MI 48226-3435
Tel: (313) 965-8300
jbolton@clarkhill.com
Attys for Equifax Inc.

9055508.1 19933/158819

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. A true and correct copy of the foregoing was sent this 6th day of May, 2013 via U.S. Mail to:

>Willie J. Greear Jr.
>29319 Fieldstone
>Farmington Hills, MI 48334

Dated: May 6, 2013.

>Jordan Bolton
>Clark Hill, PLC
>500 Woodward Avenue, Suite 3500
>Detroit, MI 48226
>Tel: (313) 965-8300
>Fax: (313) 965-8252
>
>*Attorney for Equifax Inc.*

9055508.1 19933/158819