67

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

§
WILLIE J. GREEAR JR.,                          §
                                               §    Case No: **5:13-cv-11896-JCO-DRG**
An individual                                  §
                                               §
Plaintiff,                                     §
                                               §
v.                                             §
                                               §
EQUIFAX INC.,                                  §
                                               §
Defendant(s).

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

To Defendant, EQUIFAX INC., and Jordan S. Bolton, attorney of record for

Defendant:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 56 at a

time set by the Court and on a date set by the Court, WILLIE J. GREEAR JR.,

Plaintiff will move the court for an order granting Plaintiff's motion for summary

judgment pursuant to Rule 56.

This motion is made on the grounds that Defendant failed to comply with

various sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA")

including 15 U.S.C. § 1681i(a)(5)(A)(i) and Plaintiff is asking the Court to order

Defendant to promptly delete all of the items on the Plaintiff's credit report that the

Plaintiff disputed and that the facts clearly show Defendant failed to verify. Plaintiff is

also asking the Court to order the Defendant to pay damages that the Court deems

appropriate.

This Motion is supported by the attached Memorandum of Law in support of Plaintiff's

Motion for Summary Judgment, Affidavit of WILLIE J. GREEAR JR. in support of

Plaintiff's Motion for Summary Judgment, Exhibit List & Exhibits, Proposed Order, and any further oral or documentary evidence introduced at a hearing of this Motion if the Court deems a hearing necessary.

Dated this 31 day of December, 2013.

Respectfully submitted and signed by
Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334

248-225-9694

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| | § | |
| WILLIE J. GREEAR JR., | § | |
| An individual | § | Case No: **5:13-cv-11896-JCO-DRG** |
| Plaintiff, | § | |
| v. | § | |
| EQUIFAX INC., | § | . |
| Defendant(s). | | |

<u>**AFFIDAVIT OF PLAINTIFF WILLIE J. GREEAR JR. IN SUPPORT OF
PLAINTIFF'S  MOTION FOR SUMMARY JUDGMENT**</u>

I, WILLIE J. GREEAR JR., being duly sworn, depose and state that the foregoing statements are based on personal knowledge and if called to testify to the same I would testify as follows:

1.    On or about 9/1/2012 I went to the Equifax website located at http://www.Equfax.com and requested a copy of my credit report from the Defendant.

2.    On or about 9/17/2012 Defendant sent me a copy of my credit report. After reviewing my Equifax Credit Report I made note of 5 items that I believed to be inaccurate information that should not be on my credit report.

3.    On or about 9/19/2012 I wrote a certified letter to Defendant disputing the items I believed to be inaccurate and asked the Defendant to provide me with copies of all of the documents that they had in their files that they used to verify the accuracy of the disputed items.  Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's dispute letter #1 and USPS confirmation that they received said letter.

4.    On or about 10/2/2012 the Defendant sent me a response to my first dispute letter noted in paragraph 3 above.  The letter was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter.  Their response appeared to be a boiler-plate letter that stated *"We have verified that this item belongs to you."* for each of the disputed items listed on Plaintiff's dispute letter.  Defendant also stated in their response that, *"If you have additional questions about this item please contact [the information provider]..."*  Defendant ignored my request to provide me with copies of all documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as **Exhibit "F"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #1.

5.    On or about 10/9/2012 I sent the Defendant a 2nd dispute letter telling them that they failed to provide me with proof of verification and that the items listed in my dispute letter were inaccurate and I requested for a 2nd time for the Defendant to provide him with copies of documents that they had in their files that they used to verify the disputed items.  Attached hereto as **Exhibit "B"** is a true and correct copy of Plaintiff's dispute letter #2 and USPS confirmation that they received said letter.

6.    On or about 10/23/2012 the Defendant sent me a response to my 2nd dispute letter.  Their letter again was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter. The letter was almost the same boiler-plate response that they sent me in response to my first dispute letter. Defendant for a 2nd time ignored my request to provide me with copies of all documents that they had in their files that they used to

verify the accuracy of the disputed items. Attached hereto as **Exhibit "G"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #2.

7.    On or about 10/29/2012 I sent the Defendant a 3rd dispute letter telling them that I believed the items listed in the dispute letter were inaccurate and requested for a 3rd time for the Defendant to provide me with copies of documents that they had in their files that they used to verify the disputed items. Attached hereto as **Exhibit "C"** is a true and correct copy of Plaintiff's dispute letter #3 along with USPS proof of delivery of that letter.

8.    On or about 11/9/2012 the Defendant sent me a response to my 3rd dispute letter. **Their letter again was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter.** Their response again appeared to be another boiler-plate letter almost identical to their previous responses. Defendant for a 3rd time ignored my request to provide me with copies of all documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as **Exhibit "H"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #3.

9.    On or about 11/16/2012 I sent the Defendant a 4th dispute letter telling them that the items listed in the dispute letter were inaccurate and requested for a 4th time for the Defendant to provide me with copies of documents that they had in their files that they used to verify the disputed items. Attached hereto as **Exhibit "D"** is a true and correct copy of Plaintiff's dispute letter #4 along with USPS proof of delivery.

10. On or about 11/28/2012 the Defendant sent me a response to my 4th dispute letter. **Their letter again was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter**. Their response again appeared to be another boiler-plate letter almost identical to their previous responses. Defendant for a 4th time ignored my request to provide me with copies of all documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as **Exhibit "J"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #4.

11. On or about 12/10/2012 I sent the Defendant a 5th dispute letter telling them that the items listed in the dispute letter were inaccurate and requested for a 5th time for the Defendant to provide me with copies of documents that they had in their files that they used to verify the disputed items. Attached hereto as **Exhibit "E"** is a true and correct copy of Plaintiff's dispute letter #5 along with USPS proof of delivery.

12. On or about 12/28/2012 the Defendant sent me a response to my 5th dispute letter. **Their letter again was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter**. Their response again appeared to be another boiler-plate letter almost identical to their previous responses. Defendant for a 5th time ignored my request to provide me with copies of all documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as **Exhibit "K"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #5.

13.  After disputing the items I believed were inaccurate five times and asking the Defendant to provide me with copies of the documents that they had in their files that they used to verify the accuracy of the disputed items they claimed they had verified and that the Defendant failed to provide me with any documents that they used to verify the accuracy of the disputed items I filed this lawsuit.

14.  On or about 7/26/2013 I served the plaintiff with Plaintiff's Request for Admissions, Interrogatories and Request for Production of Documents.  Attached hereto as **Exhibit "L"** is a true and correct copy of Plaintiff's 3 Discovery Requests along with proof of service.

15. On or about 8/30/2013 I received responses to Plaintiff's Discovery Requests from the Defendant.  Attached hereto as **Exhibit "M"** is a true and correct copy of Defendant's responses to Plaintiff's Discovery Requests.

16.  On page 4 & 5 of Defendant's Response to Plaintiff's Request for Production of Documents the Defendant responded to request #4 and #5 stating that the Defendant is not in possession of any documents that verify the accuracy of the accounts that the Plaintiff disputed. Defendant in response to Plaintiff's  Request for Admission #11 admitted that the Defendant did not have any documents in their possession that verify the accuracy of any of the Plaintiff's disputed items. (See Exhibit M).

17. As of this date all of the items that I listed on my 5th and final dispute letter remain on my Equifax credit report and as of this date the Defendant has failed to support their contention by providing me with documents that they used to verify the accuracy of any of the disputed items.

18.  The Defendant's continuous refusal over the last 14 months to remove all of the disputed items that they could not verify the accuracy of has caused me great emotional distress, embarrassment, frustration, humiliation and mental distress.

## VERIFICATION

I, WILLIE J. GREEAR JR, being duly sworn hereby depose and state I am over 18 years of age, competent, and that I have read the foregoing pleading herein and verify that the statements made therein are true and correct to the best of my knowledge.

Signed this day _31_ of December, 2013

_____
Signature of Affiant

STATE OF MICHIGAN, COUNTY OF _OAKLAND_

Sworn to and subscribed to before me on the _31st_ day of December, 2013 by

_SEAN FOREMAN_ .

_____
Notary Public, State of Michigan

NOTARY SEAL

SEAN F FOREMAN
Notary Public - Michigan
Oakland County
My Commission Expires Mar 30, 2019
Acting in the County of _OAKLAND_

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| | § | |
| WILLIE J. GREEAR JR., | § | |
| An individual | § | Case No: **5:13-cv-11896-JCO-DRG** |
| Plaintiff, | § | |
| v. | § | |
| EQUIFAX INC., | § | |
| Defendant(s). | | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Willie J. Greear Jr., Plaintiff, hereby respectfully submits the following Memorandum of Law in support of Plaintiff's Motion for Summary Judgment.

The Motion at issue, and reasons the Plaintiff is asking the Court to order the Defendant to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)(5)(A)(i) and promptly delete all of the items on the Plaintiff's credit report that the Plaintiff disputed and that the Defendant failed to verify as well as to award damages to the Plaintiff for non compliance of other FCRA requirements that are set out in this Memorandum of Law, and Plaintiff's Motion for Summary Judgment.

## I )  <u>BACKGROUND</u>

This case involves a Plaintiff consumer who alleges that the defendant credit reporting agency willfully violated the Fair Credit Reporting Act (**FCRA**), **15 U.S.C.S. § 1681 et seq.**  Plaintiff seeks to hold Defendant liable for refusing to delete, on 5 separate occasions,  the disputed items on Plaintiff's credit report that Defendant was unable to verify as required by **FCRA § 1681i(a)(5)(A)(i).**

Plaintiff alleges that he has suffered and will continue to suffer actual damages from the lost opportunity to obtain a low interest car loan and his resulting worry, distress, frustration, embarrassment, and humiliation of spending over a year trying to get the Defendant to comply with the FCRA and delete all of the unverified disputed items from his credit report.

## II. SUMMARY JUDGMENT STANDARD Of REVIEW

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a) (2012).* A court assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).*

The initial burden of proving the absence of a genuine dispute rests with the movant, *Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986),* who "must support the assertion by: (A) citing to particular parts of materials in the record…; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact[,]" *Fed. R. Civ. P. 56(c)(1)(A)-(B).* While this inquiry requires the Court to construe factual disputes, and the inferences there from, in the light most favorable to the non-moving party, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Anderson, 477 U.S. at 248, 106 S. Ct. at 2510.*

If the moving party discharges their initial burden using the materials specified in Federal Rule of Civil Procedure 56(c), the burden of defeating summary judgment shifts to the non-movant who must point to specific material facts – beyond the pleadings or mere allegation – which give rise to a genuine issue of law for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. A mere scintilla of evidence supporting the non-movant's claim will not prevent summary judgment; rather, there must be evidence on which a jury could reasonably find for the non-movant. *Hirsch v. CSX Transp., Inc., 656 F.3d 359, 362 (6th Cir. 2011).*

Moreover, if, "after adequate time for discovery and upon motion," the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial[,]" a court should enter summary judgment in favor of the moving party. *Celotex, 477 U.S. at 322, 106 S. Ct. at 2552.* When this occurs, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id. 477 U.S. at 323, 106 S. Ct. at 2552.* Thus,

if the non-movant does not support the elements of a claim or defense, the moving party is "entitled to judgment as a matter of law."

### III )  <u>SUMMARY OF UNDISPUTED FACTS</u>:

1) Plaintiff was getting ready to purchase a car so he requested a copy of his credit report from the Defendant to make sure that he was credit worthy.  Plaintiff went to Equifax Inc. website at <u>http://Equifax.com</u> and requested a copy of his credit report from them. **(<u>See</u> Plaintiff's Affidavit ¶ 1)**

2) On receipt of his Equifax credit report that he received from Equifax Inc the Plaintiff found a number of items that he believed were inaccurate so he wrote and certified mailed a dispute letter to Equifax Inc requesting that they provide him with copies of all of the files that they were in possession of that they used to verify the accuracy of the disputed items. **(<u>See</u> Plaintiff's Affidavit ¶ 2 & 3).**

3) Defendant responded with what appeared to be a "boiler-plate" statement stating that, ***"We have verified that this item belongs to you.***" for each of the disputed items listed on Plaintiff's dispute letter.  Defendant also stated in their response that, ***"If you have additional questions about this item please contact [the information provider]…"*** The letter was addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letter.  **(<u>See</u> Plaintiff's Affidavit ¶ 4).**

Defendant admitted that they did not verify any of the disputed items themselves. They relied on hearsay evidence from the information provider without even asking to review any of the documents that the information provider used to input the data into their computer system.   Instead of doing their own investigation into the accuracy of the disputed items the Defendant parroted what they claim the information provider told them and then shifted the burden back to the Plaintiff telling them to go and dispute the items directly with the information providers.  **(<u>See</u> Plaintiff's Affidavit ¶ 4).**

4) Plaintiff asked the Defendant on four more separate occasions to produce copies of all of the documents that they had in their file that they used to verify the accuracy of the disputed items.  Defendant responded to all of Plaintiff's dispute letters using the same boiler-plate response that they used in their response to Plaintiff's first dispute letter and they refused to produce any documents to support their claim that they verified any of the disputed items. All of Defendant's response letters were addressed from: EQUIFAX and

there was no reference or notation of a company called, Equifax Information Services, LLC on their response letters. (**See Plaintiff's Affidavit ¶ 5 to ¶ 12).**

5) 15 U.S.C. § 1681g(a)(1) of the FCRA gives the Plaintiff the right to ask for copies of the documents used to verify the accuracy of the disputed items. 15 USC § 1681g(a)(1) titled - Disclosures to Consumers states, *"Every consumer reporting agency shall, upon request, and subject to section 1681(h)(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request…"*

6) Plaintiff also served Defendant with Discovery requests asking them to produce copies of the documents that they used to verify the accuracy of the disputed items on Plaintiff's credit report and the undisputed facts show that the Defendant responded to Plaintiff's discovery requests stating that Defendant is not in possession of any documents responsive to this request and that they did not request any documents from the information providers that would or could verify the accuracy of the Plaintiff's disputed items. (**See Plaintiff's Affidavit ¶ 14, ¶ 15 &¶ 16.  )**

7) *Black's Law Dictionary, 9th Edition, 2009, defines " Willful" or "Willfully" to mean voluntary, intentional violation or disregard of a known legal duty."*

The Defendant is aware of the terms of the FCRA that regulates their business and they are aware of all of the current Appellant Court Decisions concerning cases involving the FCRA. The undisputed facts clearly show that the Defendant willfully violated the FCRA on five separate occasions when Defendant failed to remove from Plaintiff's credit report all of disputed items that the Defendant did not and could not verify the accuracy of as is as required by FCRA § 1681i(a)(5)(A)(i).

8) As of this date, all of the disputed items listed on Plaintiff's 5th dispute letter remain on Plaintiff's Equifax Credit Report and the Defendant has not been able to support their claim that they can verify the accuracy of the disputed items listed on Plaintiff's dispute letters. (**See Plaintiff's Affidavit ¶ 17)**

9) Plaintiff Certified mailed all of his five dispute letters to: Equifax, P.O. Box 740256, Atlanta, GA 30374 and the USPS confirmed that they received all five letters. (**See Plaintiff's Affidavit ¶ 3, ¶ 5, ¶ 7, ¶ 9, & ¶ 11 )**

10) All of Defendant's responses to Plaintiff's five dispute letters were sent to him from Equifax, P.O. Box 105518, Atlanta, GA 30348.  There was no mention or notation of a company called Equifax Information Services, LLC on any of the five response letters that

Equifax sent to the Plaintiff in response to his dispute letters. (**See Plaintiff's Affidavit ¶ 4, ¶ 6, ¶ 8, ¶ 10, & ¶ 12 ).**

**11)** Through out this long endless dispute process I have suffered from physical stress, embarrassment, frustration, humiliation and mental distress. **( See Plaintiff's Affidavit ¶ 18)**

## IV ) LAW & ARGUMENTS:

## A) DEFENDANT EQUIFAX INC. VIOLATED 15 U.S.C. § 1681G

**15 U.S.C. § 1681g(a)** states in relevant part that "[e]very consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer: (1) *All information* in the consumer's file at the time of the request." (emphasis added). The FCRA defines "file" when used in connection with information on any consumer, as *"all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g)*. Congress clearly intended the protections of the FCRA to apply to all information furnished or that might be furnished in a consumer report. *Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007)*. Moreover, as the court in *Gillespie* noted, *"'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." Id.* (quoting 16 C.F.R. pt. 600, app. § 603)

The undisputed facts outlined earlier in this document show that the Plaintiff requested copies of the documents in the Defendant's file that they used to verify the disputed items on 5 separate dispute letters. Defendant received all 5 dispute letters. Defendant responded to all 5 dispute letters but did not send the Plaintiff any documents to support their contention that they verified the accuracy of any of Plaintiff's disputed items. **(See Plaintiff's Affidavit ¶ 3, ¶4, ¶5, ¶ 6, ¶7, ¶ 8, ¶9, ¶ 10, ¶ 11 & ¶ 12 )**

The <u>undisputed facts</u> also show that the Plaintiff also served Defendant with Requests for Production of Documents asking Defendant to produce copies of all of the documents in the Defendant's files that they used to verify the accuracy of the disputed items. **(See Plaintiff's Affidavit ¶ 14)**. The Defendant RESPONDED that they did not have any documents in their possession that verify the accuracy of the Plaintiff's disputed items. **(See Plaintiff's Affidavit ¶ 15 &¶ 16 ).**

## B) DEFENDANT VIOLATED SECTION 15 U.S.C. § 1681i(a)(1)(A) of the FCRA

Section 1681i(a)(1)(A) of the FCRA provides, in pertinent part, that where a consumer notifies a credit reporting agency that information contained in his or her report may be inaccurate, the credit reporting agency **must** conduct a valid reinvestigation. If the reinvestigation reveals that the information is inaccurate **or cannot be verified**, the credit reporting agency **must promptly delete the information**.

Based on the actions of the Defendant it is evident their policy of re-investigating disputed items is to parrot what ever the information provider tells them rather than to do their own investigation and authenticate documents that validate the accuracy of the disputed items. They do not do any investigating of their own and they do NOT have any documents in their files that they can use to verify the accuracy of disputed items. The Defendant admitted to this fact when Plaintiff's *Request for Admissions Nos. 2, 7 & 11 was admitted*. (See Exhibit "M").

Defendant knows that they are supposed to conduct their own investigation and they know that parroting what information providers tell them is not an accepted way to verify the accuracy of items that consumers dispute. This is an example of Defendant's "willful" disregard of the law that regulates their business. The Defendant knows that the Third Circuit in 1997, in *Cushman v. Trans Union Corp., 115 F.3d at 225* requires them to go beyond verifying the information with the original source and specifically states that they cannot just shift the burden back to the Plaintiff to dispute the item with the information provider themselves. There is nothing in the FCRA statute, legislative history or current case law that supports Defendant's policy that allows them to simply parrot the original source of information's response to the disputed item and to shift the burden back to the consumer. Under the circumstances the Defendant's reinvestigation policy clearly defies Federal law and shows their willful and blatant disregard for the laws that regulate their business practices.

Courts consistently have applied Cushman's requirement that consumer credit reporting agencies are required to go beyond the original source's response to the disputed item and to not be able to shift the burden back to the consumer. **See**: *e.g.,* **Krajewski v. Am. Honda. Fin. Corp., 557 F. Supp. 2d 596, 616 (E.D. Pa. 2008); Crane v. Trans Union, L.L.C., 282 F. Supp. 2d 311, 320 (E.D. Pa. 2003); Lawrence v. Trans Union,**

L.L.C., 296 F. Supp. 2d 582, 589 (E.D. Pa. 2003); Evantash v. Chase Manhattan Bank, U.S.A., N.A., No. 02-1188, 2003 WL 22844198, at *5 (E.D. Pa. Nov. 25, 2003). Indeed, the Third Circuit recently confirmed that a reasonable reinvestigation Cortez v. Trans Union, LLC, Nos. 08-2465, 08-2466, 2010 WL 3190882, at *16 (3d Cir. Aug. 13, 2010) (citing Cushman, 115 F.3d at 225).

The Defendant had an obligation to look beyond the original source of information's hearsay verification and they were not supposed to shift the burden back to the consumer to dispute the item with the information provider themselves. They not only failed to do so they willfully refused to do so on five separate occasions.

## C)   DEFENDANT VIOLATED SECTION 15 U.S.C. § 1681i(a)(5)(A)(i) of the FCRA

**Black's Law Dictionary, 9th Edition, 2009, defines "Verify" as,**
**1) "To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate."**
**2) "to confirm or substantiate by oath or affidavit; to swear to the truth of."**

**Blacks Law Dictionary defines "Verification" as, "Confirmation of correctness, truth or authenticity, by affidavit, oath, or deposition. Affidavit of truth of a matter stated and object of verification is to assure good faith in averments or statements of a party."**

**Black's Law Dictionary, 9th Edition, 2009, defines "Hearsay" as testimony that is given by a witness who relates not what he or she knows personally, but what others have said, and that is therefore dependent on the credibility of someone other than the witness. Also termed hearsay evidence; secondhand evidence."**

The undisputable facts of the case clearly show that the Defendant did not have any documents in their files concerning the disputed accounts that they could use to authenticate the accuracy of the disputed items yet they claimed that they verified the accuracy of all of the disputed accounts. How is that possible? In their responses to Plaintiff's Request for Production of Documents (**See: Exhibit "M"**) they admitted to not having any documents in their files that they could use to verify the accuracy of any of the disputed items therefore they obviously lied. They did not and could not verify the accuracy of any of the disputed accounts and under *15 U.S.C. § 1681i(a)(5)(A)(i)* of the FCRA and therefore **they were required to remove all of the disputed accounts they could not verify within 30 days.** They refused to do that.

*Black's Law Dictionary, 9th Edition, 2009, defines "Wilful" or "Willfully" to mean voluntary, intentional violation or disregard of a known legal duty."*

Based on Black's Law Dictionary the Defendant willfully refused to delete all of the disputed items that they could not verify. The facts clearly show that they intentionally disregarded their duty to reinvestigate the disputed items and to remove all of the disputed items that they could not verify.

The undisputed facts in this case clearly show that the Defendant does not have any documents in their possession that verify the accuracy of any of the accounts disputed by the Plaintiff. Without documents they cannot verify anything. Based on this undisputed evidence it is clear that the Defendant negligently and willfully failed to comply with the Federal law *15 U.S.C. § 1681i(a)(5)(A)(i)* and based on this undisputed evidence this Court should order them to immediately delete all of the unverified items that the Plaintiff disputed and that are listed in his Dispute Letter #5 and labeled Exhibit "E". **See 15 U.S.C. § 1681i(a)(5)(A)(i)** (if after a reinvestigation a consumer reporting agency can not verify the information, <u>it must delete the item</u>); **<u>See</u>: *Cortez v. Trans Union, LLC*, Nos. 08-2465, 08-2466, 2010 WL 3190882, at \*16 (3d Cir. Aug. 13, 2010) (citing Cushman, 115 F.3d at 225)., 2010 WL 3190882, at \*6 ("Trans Union controls the information it places on a consumer's credit report.").**

## D) <u>PLAINTIFF IS ENTITLED TO BOTH STATUTORY DAMAGES & DAMAGES FOR EMOTIONAL DISTRESS</u>

The Defendant has willfully violated at least 3 FCRA regulations on multiple disputed items on 5 separate occasions. *15 U.S.C. §1681 (n)* provides that any person who willfully fails to comply with any requirement imposed under *§1681(n)* is liable to the consumer for damages of not less than $100 and not more than $1,000 <u>for each occurrence</u>. Accordingly the Plaintiff is entitled to recover statutory damages determined by this Court.

*15 U.S.C. §1681(n)* provides that the cost of the action as determined by the court are also recoverable by the plaintiff. Plaintiff is also entitled to damages suffered in connection with his efforts to correct the error in Defendant's credit report. *See* **Cortez, 2010 WL 3190882, at \*22** ("Time spent trying to resolve problems with the credit reporting agency may also be taken into account."); **<u>See</u>: *Sheffer v. Experian Solutions, Inc.*, No. 02-76404, 2003 WL 21710573, at \*3 (E.D. Pa. July 24, 2003)** (plaintiff may be entitled to damages for

emotional distress suffered in connection with trying to correct the error). Actual damages may include out-of-pocket expenses to file all of the disputes and to file this lawsuit and motions, damages for injury to reputation and creditworthiness and for humiliation or mental distress. See *Fischl v. General Motors Acceptance Corp., 708 F.2d 143, 151 (5th Cir. 1983).*

Furthermore, an FCRA plaintiff need not state his/her emotional damages with particularity. *See: Philbin v. TransUnion Corp., 101 F.3d 957, 963 n. 3 (3d. Cir. 1996).* Humiliation and embarrassment are cognizable injuries under the FCRA; and there is no requirement that a plaintiff provide corroborating evidence or medical testimony in support of an award of damages. *See: Cortez, 2010 WL 3190882, at 22 (citations omitted).* Thus, Plaintiff is entitled to recover for humiliation and embarrassment even if he had incurred no out-of-pocket expenses for these damages. *Id.*

### E)  PLAINTIFF IS ENTITLED TO PUNITIVE DAMAGES

Under *15 U.S.C. §1681(n)* Plaintiff is entitled to recover such amount of "punitive damages" as the court may allow. Any person who willfully fails to comply with any requirement of the FCRA may be liable for punitive damages. *15 U.S.C. § 1681n.*

To establish willful noncompliance, a plaintiff must prove that the defendant "'knowingly and intentionally committed an act in conscious disregard for the rights of others' but need not show 'malice or evil motive.'" *Cushman, 115 F.3d at 226 (quoting Philbin, 101 F.3d at 970).* Reckless disregard of an FCRA requirement qualifies as a willful violation. See: *Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 71 (2007).*

The Defendant has been involved in enough lawsuits where the Courts have ruled that they cannot just parrot what the information provider tells them as their policy used to verify the accuracy of a disputed account. They also know that they are not supposed to shift the burden back to the consumer. They knowingly did both of these things on multiple occasions. They know better and even though the Courts have warned them in the past they continue to willfully and blatantly ignore the laws that regulate their business practices. **They have to be taught a lesson** because it is obvious that the punitive damages the Courts have previously imposed on them have not taught them a lesson. They are a Billion Dollar

Corporation that acts as if they are above the law. They obviously believe they are above the law.

Under section 1681n, which provides for civil liability for willful noncompliance with the FCRA the Third Circuit held that a plaintiff may present a section 1681n claim if he can show that a credit reporting agency adopted a reinvestigation policy with knowledge that the policy violates consumer rights under the FCRA, or with reckless disregard to whether its policy violated those rights. ___*See: Cushman, 115 F.3d at 227*___.

The facts in this case clearly show that the Defendant's reinvestigation policy violates a consumer's rights under the FCRA. Section 1681i(a)(2) specifically states that a consumer reporting agency has a duty to forward all "relevant information" that it receives from the consumer to the original source of the dispute. 15 U.S.C. § 1681i(a)(2). Despite this mandate, Defendant's policy is not to forward any information it receives from any consumer disputing information in their credit report. *Newnom Trial Tr.* **at 98**. Further, the statute clearly states that a consumer reporting agency **MUST** delete or modify any information included on a credit report that it cannot verify. **15 U.S.C. § 1681i(a)(5)(A)(i)**. They did not remove any of the unverified disputed items from Plaintiff's credit report.

It is not unreasonable for this Court to conclude that the Defendant willfully and recklessly violated the FCRA by doing nothing more than "***parroting information***" it received from the information providers even though they knew they were in violation of the FCRA. **Cushman, 115 F.3d at 225 *("[A] 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute.")*; *Campbell v. Chase Manhattan Bank, USA, N.A., No. 02-3489, 2005 WL 1514221*, at \*16 (D.N.J. June 27, 2005) (*parroting information received from original source may be considered a willful violation of the FCRA*).**

## CONCLUSION

For the reasons set forth herein and herewith Plaintiff prays that this Court orders the Defendant to immediately remove all of the items that Plaintiff disputed that are listed on his 5th dispute letter marked as Exhibit "E". Plaintiff also prays that this Court will order the Defendant to pay statutory damages, emotional damages and also punish the Defendant for willfully not complying with the FCRA they are supposed to adhere to by ordering them to pay punitive damages in an amount that will make them think twice before treating another

consumer like they have treated the Plaintiff and for court costs and any other reasonable fees that this court deems just and proper.

Dated this 31 day of December, 2013.

Respectfully submitted and signed
by Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334

248-225-9694

_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

§

WILLIE J. GREEAR JR.,                    §

An individual                            §   Case No: **5:13-cv-11896-JCO-DRG**

Plaintiff,                               §

v.                                       §

EQUIFAX INC.,                            §

Defendant(s).

**LIST OF EXHIBITS**

Comes now, WILLIE J. GREEAR JR., Plaintiff, and hereby submits the following

Exhibits in Support of Plaintiff's Motion for Summary Judgment.

1. Exhibit "A" -  Copy of Plaintiff's first Dispute Letter dated Sept. 19, 2012 along with proof of delivery from t he USPS.

2. Exhibit "B" -  Copy of Plaintiff's 2nd Dispute Letter dated Oct. 9, 2012 along with proof of delivery from t he USPS.

3. Exhibit "C" - Copy of Plaintiff's Dispute Letter #3 dated Oct 29, 2012 along with proof of delivery from t he USPS.

4. Exhibit "D" - Copy of Plaintiff's Dispute Letter #4 dated Nov. 16, 2012 along with proof of delivery from t he USPS.

5. Exhibit "E" - Copy of Plaintiff's Dispute letter #5 dated Dec. 10, 2012 along with proof of delivery from t he USPS.

6. Exhibit "F" - Copy of Defendant's Response dated October 2, 2012 to Plaintiff's first dispute letter.

7. Exhibit "G" – Copy of Defendant's Response dated October 23, 2012 to Plaintiff's 2nd dispute letter.

8. Exhibit "H" – Copy of Defendant's Response dated November 9, 2012 to

Plaintiff's 3rd dispute letter.

9. Exhibit "J" – Copy of Defendant's Response dated November 28, 2012 to Plaintiff's 4th dispute letter.

10. Exhibit "K" – Copy of Defendant's Response dated December 28, 2012 to Plaintiff's 5th dispute letter.

11. Exhibit "L" - Copy of Plaintiff's Request for Admissions, Copy of Plaintiff's Request for Production of Documents, Copy of Plaintiff's Interrogatories, and Copy of Plaintiff's Certificate of Service of Discovery Requests

12. Exhibit "M" – Copy of Defendant's Responses to Plaintiff's Request for Admissions, Plaintiff's Request for Production of Documents, and Plaintiff's Interrogatories.

Dated this 31 day of December, 2013.

Respectfully submitted and signed
by Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334

248-225-9694

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| | § | |
| WILLIE J. GREEAR JR., | § | |
| An individual | § | Case No: **5:13-cv-11896-JCO-DRG** |
| Plaintiff, | § | |
| v. | § | |
| EQUIFAX INC., | § | |
| Defendant(s). | | |

## ORDER

Plaintiff's Motion for Summary Judgment came before the court, and the same having been read, considered and the court fully advised of the same is hereby GRANTED.

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant is to remove all of the disputed items listed on Plaintiff's Exhibit "E" (Known as Plaintiff's 5th Dispute Letter) immediately and Defendant is also ordered to pay Plaintiff's costs incurred to file this lawsuit as well as pay Plaintiff the statutory and punitive damages in the amount of _____determined by the Court.

IT IS SO ORDERED.

Dated: _____, 2014.

Honorable Judge _____ in and for the United States District Court Eastern District of Michigan.

# Exhibit 'A'

September 19, 2012

Willie James Greear Jr.
29319 Fieldstone
Farmington Hills MI, 48334
SSN: 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  |  DOB: 2/14/1968

Equifax
P.O. Box 740256
Atlanta, GA 30374

    This letter is my formal written request for you to investigate the following "Unverified" accounts listed below: According to the Fair Credit Reporting Act, **15 U.S.C. § 1681 your company is required by federal law to verify** - through the physical verification of the original signed consumer contract - any and all accounts you post on a credit report to assure maximum accuracy. Without proper verification by your company, anyone paying for your reporting services could fax, mail or email in a fraudulent account.

    I demand to see a copy of the Verifiable Proof (**an original Consumer Contract with my Signature on it**) that you used to verify that the account belonged to me the first time you reported the account on my credit report. Your failure to properly verify these accounts has hurt my ability to obtain credit.  Under the **FCRA 15 U.S.C. § 1681**, unverified accounts <u>must be promptly deleted</u>. If you are unable to provide me with a copy of the verifiable proof that you have on file within 30 days for each of the accounts listed below then you must remove these accounts from my credit report.  Please provide me with a copy of an updated and corrected credit report showing these items removed.

**I demand the following accounts be verified or removed immediately.**

| <u>Name of Account:</u> | <u>Account Number:</u> | <u>Provide Physical Proof of Verification</u> |
| --- | --- | --- |
| Public Records | # 0866947 | Unverified account |
| Public Records | # 0563387 | Unverified account |
| Public Records | # 0858653 | Unverified account |
| Universal CD/CBNA | # 539080900280 | Unverified account |
| FMC - Omaha | # 4045 xxxx | Unverified account |

* Please also remove all **non-account holding inquiries** over 30 days old.

Thank You,

*[signature]*

Willie James Greear Jr.

<u>Attached</u>: Copy of my Social Security Card & Drivers License is attached
Sent: USPS Certified Mail

Print
                                                                    Page 1 of 1

Subject:   U.S. Postal Service Track & Confirm email Restoration – 70120470000013069239

From:      US_Postal_Service@usps.com (US_Postal_Service@usps.com)

To:        w_greear@yahoo.com;

Date:      Sunday, September 1, 2013 2:21 PM


This is a post-only message. Please do not respond.

Will Greear has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 70120470000013069239

Service Type: Certified Mail™

| Shipment Activity | Location | Date & Time |
| --- | --- | --- |
| Delivered | ATLANTA GA 30348 | September 23, 2012 3:44 pm |
| Arrival at Unit | ATLANTA GA 30304 | September 23, 2012 5:35 am |
| Processed at USPS Origin Sort Facility | PONTIAC MI 48340 | September 19, 2012 9:45 pm |
| Dispatched to Sort Facility | DEARBORN MI 48120 | September 19, 2012 3:06 pm |
| Acceptance | DEARBORN MI 48120 | September 19, 2012 12:44 pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm tool at http://www.usps.com/shipping/trackandconfirmfaqs.htm.

---

Postal Service™
ERTIFIED MAIL™ RECEIPT
estic Mail Only; No Insurance Coverage Provided)

elivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| Postage | $ | $1.30 | 0120 |
| Certified Fee | | $2.95 | 06   Postmark Here |
| eturn Receipt Fee ssement Required) | | $2.35 | |
| cted Delivery Fee ssement Required) | | $0.00 | |
| l Postage & Fees | $ | $6.60 | 09/19/2012 |

Equifax Info Services LLC
P.O. Box 740256
Atlanta GA 30348

See Reverse for Instruct

m 3800, August 2006

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Equifax Info Svc LLC
P.O. Box 74025 6
Atlanta, GA 30348

2. Article Number
(Transfer from service label)

7012 0470 0000 1306 9239

PS Form 3811, February 2004          Domestic Return Receipt

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____        ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
                          9/23

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-02-M-1540

os://us-mgo.mail.yahoo.com/neo/laur...

# Exhibit 'B'

October 9, 2012

Willie James Greear Jr.
29319 Fieldstone
Farmington Hills MI, 48334
SSN: 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  |  DOB: 2/14/1968

Equifax
P.O. Box 740256
Atlanta, GA  30374

**Please be advised that this is my <u>SECOND WRITTEN REQUEST</u>** for you to remove the unverified accounts listed below that remain on my credit report in violation of 15 U.S.C. § 1681.  You are required under the FCRA to have properly verified that an account listed on my credit report is mine by having a copy of the original credit application on file.  In the results of your first re-investigation, you stated in writing that you **"verified"** that these items are being **"reported correctly".  Who in your company verified these accounts?  How did they verify them?  Please provide me with the name of the individual, business address, and telephone number of the person or business contacted during your re-investigation.**  Also, tell me why didn't you send me copies of the verification like I asked you to?

As I am sure that you are well aware, current case law states that, Consumer Reporting Agencies bear grave responsibilities to ensure the accuracy of the accounts they report on and their responsibility must consist of something more than merely parroting information received from other sources.  The Courts have ordered that a "Reinvestigation" that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations imposed by § 1681(a)(4).

You have **NOT** provided me a copy of ANY original documentation that you have on file that is required under **Section 609 &  Section 611 (a)(1)(A)** ( a consumer contract with my signature on it ) and under **Section 611 (5)(A)** of the FCRA – you are required to **"...promptly DELETE all information which cannot be verified."**

The law is very clear as to the Civil liability and the remedy available to me for "negligent noncompliance" **(Section 617)** if you fail to comply with this Federal Law. **I am a litigious consumer and fully intend on pursuing litigation in this matter to enforce my rights under the FCRA.  I demand the following accounts be verified or deleted immediately.**

| <u>Name of Account:</u> | <u>Account Number:</u> | <u>Provide Physical Proof of Verification</u> |
| --- | --- | --- |
| Public Records | # C866947 | Unverified account |
| Public Records | # 0563387 | Unverified account |
| Public Records | # 0858653 | Unverified account |
| FMC-Omaha | # 4045 XXXX | Unverified account |

Thanking you in advance for your anticipated quick co-operation on this matter.

Thank you,

Willie James Greear Jr

<u>Attached:</u> Copy of my Social Security Card & Drivers License is attached
<u>Sent:</u> USPS Certified Mail

USPS.com® - USPS Tracking™

Page 1 of 1

English    Customer Service    USPS Mobile                                    Register / Sign In

**USPS.COM**                                              Search USPS.com or Track Packages

Quick Tools
Track
**Enter up to 10 Tracking # Find**
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find USPS Tracking™
Hold Mail
Change of Address

Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 70112970000017182187

Expected Delivery Date: October 13, 2012

## Product & Tracking Information

### Available Options

Postal Product:                        Features:
First-Class Mail®                      Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 14, 2012 , 5:12 pm | Delivered | ATLANTA, GA 30348 |
| October 14, 2012 , 6:34 am | Arrival at Unit | ATLANTA, GA 30304 |
| October 10, 2012 , 11:11 pm | Processed at USPS Origin Sort Facility | PONTIAC, MI 48340 |
| October 10, 2012 , 6:17 pm | Dispatched to Sort Facility | FARMINGTON, MI 48333 |
| October 10, 2012 , 6:16 pm | Dispatched to Sort Facility | FARMINGTON, MI 48333 |
| October 10, 2012 , 4:38 pm | Acceptance | FARMINGTON, MI 48333 |



| U.S. Postal Service™ | | |
|---|---|---|
| **CERTIFIED MAIL™ RECEIPT** | | |
| (Domestic Mail Only; No Insurance Coverage Provided) | | |
| For delivery information visit our website at www.usps.com® | | |
| ATLANTA GA 30374 | | |
| Postage | $ | $0.90 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.85 |
| Sent To | Equifax | |
| Street, Apt. No.; or PO Box No. | P.O. Box 740256 | |
| City, State, ZIP+4 | Atlanta GA 30374 | |

PS Form 3800, August 2006                See Reverse for Instructions

Track It

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

# Exhibit 'C'

October 29, 2012

Willie James Greear Jr.
29319 Fieldstone
Farmington Hills MI, 48334
SSN: 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 | DOB: 2/14/1968

Equifax
P.O. Box 740256
Atlanta, GA 30374

**Please be advised that this is my <u>THIRD WRITTEN REQUEST</u> and FINAL WARNING that I fully intend to pursue litigation in accordance with the FCRA to enforce my rights and seek relief and recover all monetary damages that I may be entitled to under Section 616 and Section 617 regarding your continued willful and negligent noncompliance.**

Despite my previous written requests, the unverified items listed below still remain on my credit report in violation of Federal Law. You stated in your response to my dispute letter that you have verified that the items listed below are accurate but you failed to send me copies of the proof that these accounts belong to me as per my request. You are required under the FCRA to have properly verified that an account listed on my credit file is mine by having a copy of the original credit application on file proving that the account is mine. It is obvious that you don't have any proof on file that the accounts are mine.

When we go to litigation you will be required to produce said documents through the discovery process and since you don't have the said documents in your files then that will be proof that you did not properly verify the accounts and they will have to be deleted. You say that you have reinvestigated these accounts but It is obvious that <u>all you have done is parroted information given to you by other sources</u> and shifted the burden back to me to prove the accounts are not mine which is clearly in violation of § 1681(a)(4).

I also asked you for the name of the person in your company who verified that these accounts are mine but you ignored this request as well which is another violation. How did they verify them as being mine? Further more you still have not provided me with the name of the individual, business address, and telephone number of the person or businesses contacted during your re-investigation. You have **NOT** provided me with a copy of ANY original documentation ( a credit application with my signature on it) as required under **Section 609 & Section 611 (a)(1)(A).** Furthermore you have failed to provide the method of verification as required under **Section 611 (a) (7).** You say that you have reinvestigated these accounts but It is obvious that <u>all you have done is parroted information given to you by other sources</u> and shifted the burden back to me to prove the accounts are not mine which is clearly in violation of § 1681(a)(4).

Please be advised that under **Section 611 (5)(A)** of the FCRA – you are required to *"...promptly DELETE all information which cannot provide proof of verification."*

The law is very clear as to the Civil liability and the remedy available to me (**Section 616 & 617**) if you fail to comply with Federal Law. I fully intend on pursuing litigation in this matter to enforce my rights under the FCRA.

**I demand that you send me copies of the documents you used to verify the following accounts listed below or you delete them immediately. Please provide me with a copy of an updated and corrected credit report showing that these items have been deleted.**

| Name of Account: | Account Number: | Provide Physical Proof of Verification |
|---|---|---|
| Public Records | # 0866947 | Unverified account |
| Public Records | # 0563387 | Unverified account |
| Public Records | # 0858653 | Unverified account |
| FMC - Omaha | # 4045 XXXX | Unverified account |



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ATLANTA GA 30374

| | | |
|---|---|---|
| Postage | $ | $0.90 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $2.35 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.20 |

0333
07
Postmark
Here

10/30/2012

Sent To  Equifax
Street, Apt. No.; or PO Box No.  P.O. Box 740256
City, State, ZIP+4  Atlanta, GA 30374

PS Form 3800, August 2006                See Reverse for Instructions

7012 2210 0001 4854 4789

English    Customer Service    USPS Mobile                                        Register / Sign In



**USPS.COM**                                        Search USPS.com or Track Packages

Quick Tools
Track
Enter up to 10 Tracking #    Find
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find ZIP Codes™
Hold Mail
Change of Address

Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

# USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

---

Tracking Number: **70122210000148934789**

Expected Delivery Date: **November 2, 2012**

## Product & Tracking Information                                   Available Options

Postal Product:                    Features:
First-Class Mail®                  Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 31, 2012 | Depart USPS Sort Facility | PONTIAC, MI 48340 |
| October 30, 2012 , 9:32 pm | Processed through USPS Sort Facility | PONTIAC, MI 48340 |
| October 30, 2012 , 6:00 pm | Dispatched to Sort Facility | FARMINGTON, MI 48333 |
| October 30, 2012 , 3:17 pm | Acceptance | FARMINGTON, MI 48333 |

## Track Another Package

What's your tracking (or receipt) number?

Track It

---

**LEGAL**                    **ON USPS.COM**              **ON ABOUT.USPS.COM**        **OTHER USPS SITES**
Privacy Policy ›             Government Services ›        About USPS Home ›            Business Customer Gateway ›
Terms of Use ›              Buy Stamps & Shop ›          Newsroom ›                   Postal Inspectors ›
FOIA ›                      Print a Label with Postage › USPS Service Alerts ›        Inspector General ›
No FEAR Act EEO Data ›     Customer Service ›           Forms & Publications ›       Postal Explorer ›
                            Delivering Solutions to the Last Mile ›   Careers ›
                            Site Index ›

**USPS.COM**   Copyright© 2014 USPS. All Rights Reserved.

# Exhibit 'D'

November 16, 2012

Willie James Greear Jr.
29319 Fieldstone
Farmington Hills MI, 48334
SSN: 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 | DOB: 2/14/1968

Equifax
P.O. Box 740256
Atlanta, GA 30374

## NOTICE OF PENDING LITIGATION SEEKING RELIEF AND MONETARY DAMAGES UNDER FCRA SECTION 616 & SECTION 617

**Please accept this final written OFFER OF SETTLEMENT BEFORE LITIGATION as my attempt to amicably resolve your continued violation of the Fair Credit Reporting Act regarding your refusal to delete all of the UNVERIFIED account information from my consumer file.**

Your failure to provide me with verifiable proof required to post the accounts listed below proves that it does not exist and is therefore "Unverified". I intend to pursue litigation in accordance with the FCRA to seek relief and recover all monetary damages that I may be entitled to under Section 616 and Section 617 if the UNVERIFIED items listed below are not deleted within 10 days. A copy of this letter as well as copies of the three written letters sent to you previously will also become part of a formal complaint to the Federal Trade Commission and also shall be used as evidence in pending litigation provided you fail to comply with this offer of settlement.

Despite my three written requests, the unverified items listed below still remain on my credit report in violation of Federal Law. In the results of your investigations, you stated in writing that you **"verified"** that these items are being **"reported correctly"**? Who verified these accounts? How did they verify them? You still have not provided me with the name of the individual, business address, and telephone number of the person or business contacted during your re-investigation. You have **NOT** provided me a copy of ANY original documentation (a consumer contract with my signature on it. Furthermore you have failed to provide the method of verification as required under **Section 611 (a) (7)**. Please be advised that under **Section 611 (5)(A)** of the FCRA – you are required to *"...promptly DELETE all information which cannot be verified."*

The law is very clear as to the Civil liability and the remedy available to me (**Section 616 & 617**) if you fail to comply with Federal Law. I am a litigious consumer and fully intend on pursuing litigation in this matter to enforce my rights under the FCRA.

**In order to avoid legal action I demand that you send me copies of the documents you used to verify the following accounts listed below or you delete them immediately. Please provide me with a copy of an updated and corrected credit report showing that these items have been deleted.**

| Name of Account: | Account Number: | Provide Physical Proof of Verification |
|---|---|---|
| Public Records | # 0866947 | Unverified account |
| Public Records | # 0563387 | Unverified account |
| Public Records | # 0858653 | Unverified account |
| FMC-Omaha | # 4045 XXXX | Unverified account |

Thank you,

Willie James Greear Jr

<u>Attached</u>: Copy of my Social Security Card & Drivers License is attached
Sent: USPS Certified Mail

**Subject:** U.S. Postal Service Track & Confirm email Restoration – 70122920000062788697

**From:** US_Postal_Service@usps.com (US_Postal_Service@usps.com)

**To:** w_greear@yahoo.com;

**Date:** Monday, September 2, 2013 1:12 AM

This is a post-only message. Please do not respond.

Will Greear has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 70122920000062788697

Service Type: Certified Mail™

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | ATLANTA GA 30348 | November 21, 2012 3:34 pm |
| Arrival at Unit | ATLANTA GA 30304 | November 21, 2012 1:22 pm |
| Depart USPS Sort Facility | PONTIAC MI 48340 | November 17, 2012 |
| Depart USPS Sort Facility | PONTIAC MI 48340 | November 17, 2012 |
| Processed at USPS Origin Sort Facility | PONTIAC MI 48340 | November 16, 2012 7:24 pm |
| Dispatched to Sort Facility | FARMINGTON MI 48333 | November 16, 2012 4:36 pm |
| Acceptance | FARMINGTON MI 48333 | November 16, 2012 3:41 pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm tool at http://www.usps.com/shipping/trackandconfirmfaqs.htm



# Exhibit 'E'

December 10, 2012

Willie James Greear Jr.
29319 Fieldstone
Farmington Hills MI, 48334
SSN: 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  |  DOB: 2/14/1968

Equifax
P.O. Box 740256
Atlanta, GA  30374

## THIS IS MY 5ᵗʰ & FINAL WRITTEN REQUEST BEFORE COMMENCING LITIGATION:

Despite my 4 previous written requests for you to provide me with proof of the alleged accounts listed below, specifically 1) to produce the contract, note or other instrument bearing my signature that you used to verify that these accounts belong to me, 2) to provide me with the name of the person in your company who verified that these accounts belong on my file, and 3) to provide the name of the individual, business address, and telephone number(s) of the person(s) or businesses contacted during your re-investigation, all of which the FCRA requires you to provide me with.  You ignored all of my requests and sent me what appear to be boiler-plate responses.

As of this date all of the unverified items listed below still remain on my credit report. Your actions clearly demonstrate your willful intent to violate the FCRA and I believe the Courts will agree with me when I present them with copies of my letters and your boiler-plate responses to them.

Under 15 USC §1681e(b) your company is required to *"follow reasonable procedures to assure maximum possible accuracy"* for every item you report on my credit report.  To date Appellant Courts have ruled that *…"In a reinvestigation of the accuracy of credit reports [pursuant to 15 USC § 1681i(a)], a credit bureau must bear some responsibility for evaluating the accuracy of information obtained from subscribers…the grave responsibility imposed by § 1681i(a)* **must consist of something more than merely parroting information received from other sources."**

You say that your company has reinvestigated these accounts but it is obvious that you have not followed reasonable procedures to verify any of the accounts I asked you to.  All you have done is parroted information given to you by other sources and shifted the burden back to me to prove that the reported items on the accounts listed below are not valid which is clearly in violation of § 1681(a)(4) based on current appellant court decisions concerning credit bureau responsibilities.

It is obvious that your company has not taken any responsibility for evaluating the accuracy of any of these accounts.  Our correspondence clearly documents that you don't have any documents to verify that these accounts belong on my file.  You can't tell me the name of the person in your company who verified that these accounts belong on my file, and you also cannot provide the name of the individual, business address, and telephone number(s) of the person(s) or businesses contacted during your re-investigation.

When we proceed to litigation you will be required to produce the documents you used to verify these items through the discovery process and since you have already demonstrated that you don't have any documents in your files verifying that these items are valid then that will be proof that all you did at best was parrot information received from other sources which appellant courts have ruled to be inadequate. You have not verified any of these accounts. The FCRA requires you to delete all unverified accounts. Your failure to do so clearly demonstrates your willful and negligent noncompliance to multiple FCRA requirements.

As you are well aware, a consumer reporting agency that willfully and negligently fails to comply with FCRA's requirements is **liable for actual damages, costs, and reasonable attorney's fees** under 15 USC § 1681o. Your response to all 4 of my dispute letters claim to have "verified" the accounts that I have disputed but this is in fact not true under the law. Furthermore, your continued refusal to produce the information I requested regarding your method of verification, the documents used to verify the accounts, and the name and address of the person or persons you contacted to verify the items clearly demonstrates you "willfully" violated 15 USC § 1681i.

"Willful noncompliance" renders a consumer reporting agency additionally liable for punitive damages under 15 USC § 1681n. You have had more than 100 days which is more than a reasonable time to properly reinvestigate these accounts and delete the unverified accounts **Section 1681n authorizes Courts to award actual damages, punitive damages and reasonable attorney's fees when the reporting agency has willfully failed to comply with any of FCRA's requirements.**

I am offering you one last chance to settle this matter without suffering any monetary damages. I am willing to forgo litigation if you promptly delete the unverified accounts listed below and then send me copies of the updated credit report showing that these unverified accounts have been removed. **If I do not receive revised copies of my credit report within 15 days I will be turning this matter over to a consumer rights attorney law firm asking them to file a lawsuit against you and asking the Court to order you to pay actual monetary damages, punitive damages and reasonable attorney's fees.**

**The accounts that I want removed from my credit report are listed below. Please provide me with a copy of an updated and corrected credit report showing that these items have been deleted.**

| Name of Account: | Account Number: | Provide Physical Proof of Verification |
|---|---|---|
| Public Records | # 0866947 | Unverified account |
| Public Records | # 0563387 | Unverified account |
| Public Records | # 0858653 | Unverified account |
| FMC-Omaha | # 4095 xxxx | Unverified account |

Thank you,

Willie James Greear Jr

Attached: Copy of my Social Security Card & Drivers License is attached
Sent: USPS Certified Mail

Print                                                                Page 1 of 1

**Subject:**   U.S. Postal Service Track & Confirm email Restoration – 70121010000062252025

**From:**   US_Postal_Service@usps.com (US_Postal_Service@usps.com)

**To:**   w_greear@yahoo.com;

**Date:**   Sunday, September 1, 2013 2:37 PM

This is a post-only message. Please do not respond.

will greear has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 70121010000062252025

Service Type: Certified Mail™

| Shipment Activity | Location | Date & Time |
| --- | --- | --- |
| Delivered | ATLANTA GA 30348 | December 26, 2012 3:44 pm |
| Arrival at Unit | ATLANTA GA 30304 | December 24, 2012 8:05 am |
| Depart USPS Sort Facility | PONTIAC MI 48340 | December 19, 2012 |
| Depart USPS Sort Facility | PONTIAC MI 48340 | December 19, 2012 |
| Processed at USPS Origin Sort Facility | PONTIAC MI 48340 | December 18, 2012 11:45 pm |
| Dispatched to Sort Facility | DEARBORN MI 48120 | December 18, 2012 3:02 pm |
| Acceptance | DEARBORN MI 48120 | December 18, 2012 12:40 pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional questions on Track & Confirm services and features, please visit the Frequently Asked Questions (FAQs) section of our Track & Confirm tool at
http://www.usps.com/shipping/trackandconfirmfaqs.htm





https://us-mg6.mail.yahoo.com/neo/launch?.ra

Print                                                                        Page 1 of 1

**Subject:**  U.S. Postal Service Track & Confirm email Restoration – 70121010000062252018

**From:**    US_Postal_Service@usps.com (US_Postal_Service@usps.com)

**To:**      w_greear@yahoo.com;

**Date:**    Sunday, September 1, 2013 2:36 PM

This is a post-only message. Please do not respond.

will greear has requested that you receive this restoration information for Track & Confirm as listed below.

Current Track & Confirm e-mail information provided by the U.S. Postal Service.

Label Number: 70121010000062252018

Service Type: Certified Mail™

| Shipment Activity | Location | Date & Time |
|---|---|---|
| Delivered | EAST LANSING MI 48826 | December 21, 2012 10:04 am |
| Arrival at Unit | EAST LANSING MI 48823 | December 21, 2012 7:20 am |
| Depart USPS Sort Facility | LANSING MI 48924 | December 20, 2012 |
| Processed through USPS Sort Facility | LANSING MI 48924 | December 20, 2012 2:45 am |
| Depart USPS Sort Facility | PONTIAC MI 48340 | December 19, 2012 |
| Processed at USPS Origin Sort Facility | PONTIAC MI 48340 | December 18, 2012 11:45 pm |
| Dispatched to Sort Facility | DEARBORN MI 48120 | December 18, 2012 3:02 pm |
| Acceptance | DEARBORN MI 48120 | December 18, 2012 12:39 pm |

USPS has not verified the validity of any email addresses submitted via its online Track & Confirm tool.

For more information, or if you have additional q...
the Frequently Asked Questi...



https://us-mg6.mail.yahoo.com/neo/launch?.rand=aqm1j3esm3n3n8a

P. O. Box 105518
Atlanta, GA 30348

# Exhibit "F"

003922

001245569-3922
Willie James Greear
29319 Fieldstone
Farmington Hills, MI 48334-4103

## EQUIFAX

**CREDIT FILE :** October 2, 2012
**Confirmation #** 2271049727

Dear Willie James Greear:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 207-3365 from 9:00am to 5:00 p.m. Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

### The Results Of Our Reinvestigation

>>> **We** have reviewed the former address. **The results are:** The disputed address has been deleted. **5120 W Maple Rd** West Bloomfield MI 48322; Residence Since: 02/2004

>>> **We** have reviewed the employment information. **The results are:** The current employment information has been added: Employer, Position: Metro Cars Company

>>> **We** have reviewed your comments and best disclosure are:

A dismissed/closed chapter 13 bankruptcy remains on the credit file for ten years from the date filed.

**Public Record Information** (This section contains bankruptcies and other public record items obtained from local, state and federal courts.)

>>> **We** have reviewed the bankruptcy information. Case or ID # - 0866947. **The results are:** A discharged chapter 13 bankruptcy remains on the credit file and screen on the credit file. If you have additional questions about this item please contact: **Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226** Phone: (313) 234-0065

Bankruptcy Filed 12/2008 MICHIGAN Federal Bankruptcy CO; Case or ID # - 0866947; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 12/08/2009; Date Verified 05/25/2008; Address 211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

>>> **We** have reviewed the bankruptcy information. Case or ID # - 0563387. **The results are:** We have verified that this public record item is reporting correctly. **1060 US Courthouse, Detroit MI 48226** Phone: (313) 234-0065

Bankruptcy Filed 07/2006 MICHIGAN Federal Bankruptcy CO; Case or ID # - 0563387; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 11/28/2006; Date Verified 07/2006; Address 211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

>>> **We** have reviewed the bankruptcy information. **Case or ID # - 0456653. The results are:** A discharged chapter 13 bankruptcy remains on the credit file for seven years from the date filed. If you have additional questions about this item, please contact: **Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226** Phone: (313) 234-0065

Wage Earner Plan Filed 06/2006 MICHIGAN, Federal Bankruptcy CO; Case or ID # - 0456653; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 09/15/2009; Date Verified 07/31/2009; Prior Disposition - CH-13 Filed;Address:211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

( Continued On Next Page )

2271049727APPLADM-001245569- 3922 - 6673 - AS

P. O. Box 105518
Atlanta, GA 30348

# Exhibit "G"

001257206-3526
Willie James Greear
29819 Fieldstone
Farmington Hills, MI 48334-4103

**EQUIFAX**

*CREDIT FILE : October 23, 2012*

*Confirmation # 2291094837*

Dear Willie James Greear

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions about the items on the reinvestigations, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained in this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 297-3565 from 9:00AM to 5:00PM in your time zone.

Thank you for giving Equifax the opportunity to serve you.

> The Results of our Reinvestigation

>>> We have reviewed the results and our conclusions are:

A dismissal, or satisfied item will remain on the credit file for ten years from the date filed. A non-discharged... will remain on the credit file for 10 years from the filing date. Paid as agreed...

> Public Record...

>>> We have reviewed the results... The results area: Public Record - Current Disposition - Dismissed/Closed CH-13; Current questions... Eastern District of MI, 211 West Fort St Room 1060,
> Courthouse ... 211 West Fort St Room 1060, 1060 US

Wage Earner Plan... Personal, Filer - Individual, Current Disposition - Dismissed/Closed CH-13; Current
Disposition ... Eastern District of MI, 211 West Fort St Room 1060, (313) 234-0065

>>> We have reviewed the results... The results area: Public Record - Current Disposition - Discharged CH-7; Current Disposition ... Eastern District of MI, 211 West Fort St Room 1060,
We verified that this public record item is reporting correctly.
*1060 US Courthouse* ... Eastern District of MI, 211 West Fort St Room 1060,

Bankruptcy, Filed ... Case or ID # - 0905053, Type - Personal, Filer - Individual, Current Disposition - Discharged CH-7; Current Disposition
Date 11/26/2008, Date ... 10/19/2012, Date Reported 10/19/2012; Prior Disposition ... W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

>>> We have reviewed the results... Case or ID # - 0905053  *The results area: We have verified that this public record item is reporting correctly.*
We verified that this public record item is reporting correctly.
*1060 US Courthouse* ... questions about this item, please contact  Eastern District of MI, 211 West Fort St Room 1060,
234-0065

Wage Earner Plan, Filed ... Case or ID # - 0905053, Type - Personal, Filer - Individual, Current Disposition - Dismissed/Closed CH-13; Current
Disposition Date 09/15/2008, Date Verified 10/19/2012, Date Reported 10/19/2012; Prior Disposition - CH-13 Filed Address 211 W FORT ST DETROIT, MI 48226-3269 : (313)
234-0065

(Continued On Next Page)

Page 1 of 2

2291094837ATP-ATM 001*257206-3526-6181-AS

P. O. Box 105518
Atlanta, GA 30348

# Exhibit "H"

001276795-2669
Willie James Greear
29319 Fieldstone
Farmington Hills, MI 48334-4103

002669

# EQUIFAX

**CREDIT FILE : November 9, 2012**
**Confirmation # 2312015626**

Dear Willie James Greear:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8792 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

**The Results Of Our Reinvestigation**

**Public Record Information** *(This section includes public record items obtained from local, state and federal courts.)*

>>> **We have reviewed the bankruptcy information. Case or ID # - 0858653  The results are:** We have verified that this public record item is reporting correctly. We verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Wage Earner Plan Filed 08/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0858653; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 09/15/2008; Date Verified 11/09/2012; Date Reported 11/09/2012; Prior Disposition - CH-13 Filed;Address:211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

>>> **We have reviewed the bankruptcy information. Case or ID # - 0866947  The results are:** We have verified that this public record item is reporting correctly. We verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Wage Earner Plan Filed 11/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0866947; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 12/03/2008; Date Reported 11/09/2012; **Address:**211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

>>> **We have reviewed the bankruptcy information. Case or ID # - 0563387  The results are:** We have verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Bankruptcy Filed 07/2005; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0563387; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 11/23/2005; Date Verified 11/09/2012; **Address:** 211 W FORT ST DETROIT, MI 48226-3269 : (313) 234-0065

( Continued On Next Page )

Page 1 of 2

2312015626APPLADM-001276795- 2669 - 4659 - AS

**EQUIFAX**

P. O. Box 105518
Atlanta, GA 30348

Exhibit "J"

001291027-3323
Willie James Greear
29319 Fieldstone
Farmington Hills, MI 48334-4103

003323

CREDIT FILE : November 28, 2012
Confirmation # 2331001409

Dear Willie James Greear:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8792 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

**The Results Of Our Reinvestigation**

>>> **We have reviewed your concerns and our conclusions are:**

A dismissed/discharged chapter 7 bankruptcy remains on the credit file for ten years from the date filed. Paid as agreed accounts that have been paid in full will automatically be deleted ten years after date of last activity. A non discharged, OPEN or dismissed chapter 13 bankruptcy remains on the credit file for 10 years from the filing date.

**Public Record Information** (This section includes public record items obtained from local, state and federal courts.)

>>> **We have reviewed the bankruptcy information. Case or ID # - 0858653 The results are:** We have verified that this public record item is reporting correctly. We verified that this item belongs to you. If you have additional questions about this item please contact: **Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065**

Wage Earner Plan Filed 08/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0858653; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 09/15/2008; Date Verified 11/28/2012; Prior Disposition - CH-13 Filed; **Address:** 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

>>> **We have reviewed the bankruptcy information. Case or ID # - 0866947 The results are:** We have verified that this public record item is reporting correctly. We verified that this item belongs to you. If you have additional questions about this item please contact: **Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065**

Wage Earner Plan Filed 11/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0866947; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 12/03/2008; Date Verified 11/28/2012; **Address:** 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

>>> **We have reviewed the bankruptcy information. Case or ID # - 0563397 The results are:** We have verified that this public record item is reporting correctly. We verified that this item belongs to you. If you have additional questions about this item please contact: **Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065**

Bankruptcy; Filed 07/2005; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0563397; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 11/23/2005; Date Verified 11/28/2012; **Address:** 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

( Continued On Next Page )

Page 1 of 2

2331001409APPLADM-001291027- 3323 - 5932 - AS

P. O. Box 105518
Atlanta, GA 30348

Exhibit "K"

003097

001309349-3097
Willie James Greear
29319 Fieldstone
Farmington Hills, MI 48334-4103

# EQUIFAX

**CREDIT FILE : December 28, 2012**
**Confirmation # 2363044362**

Dear Willie James Greear:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 265-8807 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

## Public Record Information (This section includes public record items obtained from local, state and federal courts.)

**>>>  We have reviewed the bankruptcy information. Case or ID # - 0866947  The results are:** We verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Wage Earner Plan Filed 11/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0866947; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 12/03/2008; Date Verified 11/28/2012; Date Reported 11/28/2012; Address: 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

**>>>  We have reviewed the bankruptcy information. Case or ID # - 0563387  The results are:** We verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Bankruptcy Filed 07/2005; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0563387; Type - Personal; Filer - Individual; Current Disposition - Discharged CH-7; Current Disposition Date 11/23/2005; Date Verified 11/28/2012; Date Reported 11/28/2012; Address: 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

**>>>  We have reviewed the bankruptcy information. Case or ID # - 0858653  The results are:** We verified that this item belongs to you. If you have additional questions about this item please contact: *Eastern District of MI, 211 West Fort St Room 1060, 1060 US Courthouse, Detroit MI 48226 Phone: (313) 234-0065*

Wage Earner Plan Filed 08/2008; MICHIGAN Federal Bankruptcy CO; Case or ID # - 0858653; Type - Personal; Filer - Individual; Current Disposition - Dismissed/Closed CH-13; Current Disposition Date 09/15/2008; Date Verified 11/28/2012; Prior Disposition - CH-13 Filed; Address: 211 W FORT ST DETROIT, MI 48226-3269 ; (313) 234-0065

( Continued On Next Page )

2363044362X42-001309349- 3097 - 5412 - AS

# Exhibit L

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIE J. GREEAR JR., | § | |
| An individual | § | |
| Plaintiff, | § | Case No: **5:13-cv-11896-JCO-DRG** |
| v. | § | |
| EQUIFAX INC., INC., | § | |
| Defendant(s). | § | |

## PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

To, EQUIFAX INC., INC., Jordan S. Bolton & Brian Olson, attorney of record for EQUIFAX INC., INC.,:

You are hereby served with Request for Admissions pursuant to Michigan Rules of Civil Procedure. Your responses thereto must be served upon the Plaintiff, Willie J. Greear, Jr., within the time limits specified in the Rules.

## INSTRUCTIONS:

1. If you fail to respond to these Requests for Admissions within the time allowed each matter set forth in these Requests may be deemed admitted and conclusively established against you for purposes of this action.

2. If you fail to admit to the truth of a Request, and if Plaintiffs prove the truth of the matter contained within that Request, the Court may order that you pay Plaintiffs' reasonable expenses, including attorneys' fees, incurred in making that proof.

3. If, in responding to these Requests, you encounter any ambiguities when construing a request or definition, your response should set forth the matter deemed ambiguous and the construction used in responding.

4. If you cannot respond in full to any of these requests, to the fullest extent possible, specify the reason(s) for your inability to respond in full.

5. If you contend that you do not have to respond to any of these Requests under the attorney-client privilege, the work product doctrine, or any other basis, you should (1)

describe the information with particularity sufficient to allow the matter to be brought before the Court; and (2) explain the nature and basis for each claim of privilege or immunity.

6. To the extent any of the following requests are considered objectionable, respond to as much of each request as is not objectionable and identify the part of each request to which you object and the ground(s) for your objection.

5. If any of the requests for admissions are denied, please provide the basis for such denial.

## DEFINITIONS:

1. "Accuracy" means that the information a furnisher provides to a consumer reporting agency about an account correctly:
a) Identifies the appropriate consumer
b) Reflects the terms of and liability for the account or other relationship;
c) Reflects the consumer's performance and other conduct with respect to the account or other relationship.

2. "Verification" Blacks Law Dictionary defines "verification" as the, "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition. Affidavit of truth of matter stated and object of verification is to assure good faith in averments or statements of party." Black's Law Dictionary, Sixth Edition, 1990. What this means is, any debt collector, creditor or credit reporting agency making the verification must be willing and able to do this in a court of law. They must have 1st hand knowledge of the alleged debt and all that has ever transpired for the alleged account, under oath and under the penalty of perjury.

Request No. 1.        Please admit that each of the following documents, attached as exhibits to this Request, are true and correct copies of documents sent to you via certified mail by the Plaintiff and received by you the Defendant:

| **Attachment**: | | **Description of Exhibit**: |
|---|---|---|
| Exhibit "A" | - | Plaintiff's dispute letter #1 dated 09/19/2012 |
| Exhibit "B" | - | Plaintiff's dispute letter #2 dated 10/09/2012 |
| Exhibit "C" | - | Plaintiff's dispute letter #3 dated 10/29/2012 |
| Exhibit "D" | - | Plaintiff's dispute letter #4 dated 11/16/2012 |
| Exhibit "E" | - | Plaintiff's dispute letter #5 dated 12/10/2012 |

**Note**: all 5 documents listed above are attached and appropriately marked as Exhibits A, B, C, D and E.

Request No. 2.          As of this date the Defendant does not have any documents in their possession that verify that the accounts listed on Plaintiff's dispute letter #5 (Exhibit "E" attached) are accounts that the Plaintiff applied for.

Request No. 3.          Defendant is a for profit business that charges a fee to every creditor and or insurer who wants access to the information on the Plaintiff's credit file.

Request No. 4.          Defendant did not request that any of the information providers send them a copy of the Plaintiff's signed credit application forms that were used by all of the creditors to open any of the accounts listed on Plaintiff's dispute letter #5 (Exhibit "E"), to be sent to them as part of Defendants re-investigation into Plaintiff's disputed accounts.

Request No. 5.          Defendant did not inform any of the account information providers for the accounts being disputed by the Plaintiff that the Plaintiff was requesting a copy of the signed credit application used to open the account being disputed as proof of verification that the account belonged to the Plaintiff.

Request No. 6.          Information for a new account submitted by an information provider to be listed on a consumer credit report compiled by the Defendant begins when a consumer fills out and signs a credit application form.

Request No. 7.          Defendant has no documents in their files that verify the accuracy of all of the accounts being disputed by the Plaintiff in his first dispute letter (Exhibit "A").

Request No. 8.        Defendant did not delete any of the accounts Plaintiff listed on his 5th dispute letter (Exhibit "E") even though Defendant failed to produce copies of any documents that would prove that they had verified the accuracy of those disputed accounts.

Request No. 9.        Defendant failed to delete all of the unverified accounts that the Plaintiff disputed in his five dispute letters attached and marked as Exhibits "A", "B", "C", "D" and "E".

Request No. 10.        Defendant failed to give Plaintiff any physical delivery of evidence that would support their finding that the disputed accounts listed on Exhibit "E" were verified.

Request No. 11.        Defendant does not have any documents in their possession that verify the accuracy of all of the disputed accounts listed on Plaintiff's Dispute Letter #5 (Exhibit "E").

Request No. 12.        Defendant relied entirely on the information provider's word that the disputed items listed on Plaintiff's Dispute Letter #5 (Exhibit "E") were verified to be accurate.

Request No. 13.        Defendant's failure to produce any documents from their files that would verify the accuracy of the disputed items listed on Plaintiff's Dispute Letter #1 (Exhibit "A") within 30 days is proof that there were no files in their possession that would verify the accuracy of the disputed items.

Request No. 14.        Defendant admits that refusing to remove any of the disputed accounts after receiving five dispute letters from the Plaintiff asking them to

remove all of the disputed accounts that they could not verify the accuracy of is proof that they willfully violated the Fair Credit Reporting Act.

Request No. 15.     Defendant believes that they are not responsible for verifying the information provided to them by an information provider before publishing that information on the Plaintiff's credit report and that if they publish inaccurate or unverified information on the Plaintiff's credit report they are not at fault it is the fault and negligence of the information provider.

Dated this 25th day of May 2013.

Respectfully submitted and signed by
Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334
248 225-9694

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIE J. GREEAR JR., | § | |
| An individual | § | |
| Plaintiff, | § | Case No: **5:13-cv-11896-JCO-DRG** |
| v. | § | |
| EQUIFAX INC., INC., | § | |
| Defendant(s). | § | |

REQUEST FOR PRODUCTION OF DOCUMENTS

To, EQUIFAX INC., INC., Jordan S. Bolton & Brian Olson, attorney of record for
EQUIFAX INC., INC.,:

You are hereby served with Request for Production of Documents pursuant to

Michigan Rules of Civil Procedure.  Your responses thereto must be served upon the

Plaintiff, Willie J. Greear, Jr., within the time limits specified in the Rules.

**DEFINITIONS**:

1. "Accuracy" means that the information a furnisher provides to a consumer
   reporting agency about an account correctly:
   a) Identifies the appropriate consumer
   b) Reflects the terms of and liability for the account or other relationship;
   c) Reflects the consumer's performance and other conduct with respect to the
   account or other relationship.

2. "Verification" Blacks Law Dictionary defines "verification" as the,
   "Confirmation of correctness, truth, or authenticity, by affidavit, oath, or
   deposition.  Affidavit of truth of matter stated and object of verification is to
   assure good faith in averments or statements of party."  Black's Law
   Dictionary, Sixth Edition, 1990.  What this means is, any debt collector,
   creditor or credit reporting agency making the verification must be willing and
   able to do this in a court of law.  They must have 1st hand knowledge of the

Interrogatory No. 1.        Identify each and every person involved in answering these Interrogatories by providing their name, address and telephone number and job description and state the relationship to the Defendant of each of the individuals.

Interrogatory No. 2.        Identify the names, the business name, address and telephone number of every person contacted by the Defendant, for each account that the Defendant listed on their first letter of dispute (Exhibit "A") dated September 19, 2012 and that the USPS certifies that the Defendant received on September 23, 2012 that Defendant contacted during their re-investigation of the accounts that Plaintiff disputed.

Interrogatory No. 3.        Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his first letter dated September 23, 2012 and that the USPS certifies that the Defendant received on September 23, 2012

Interrogatory No. 4.        Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his 2nd dispute letter dated October 9, 2012 and that the USPS certifies that the Defendant received on October 14, 2012.

Interrogatory No. 5.        Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his 3rd dispute letter dated October 29, 2012 and that the USPS certifies that the Defendant received on November 3, 2012.

Interrogatory No. 6.        Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed

by the Plaintiff in his 4th dispute letter dated November 16, 2012 and that the USPS certifies that the Defendant received on November 21, 2012.

Interrogatory No. 7. Provide Plaintiff with a description of the document or documents that the Defendant requests and/or receives from an information provider to verify the accuracy of the information for an account being listed on a consumer's credit file for the first time and that identifies the appropriate consumer and verifies that the consumer is the true person that opened the said account.

Interrogatory No. 8. Provide Plaintiff with a description of the procedure used by the Defendant to evaluate and verify the accuracy of all of the information in their files before disseminating information on a consumer's credit file.

Interrogatory No. 9. What factual basis does the Defendant rely on when you stated in your responses to Plaintiff's dispute letters that the accounts disputed are accurate and/or have already been verified.

Interrogatory No. 10. What legal theory does the Defendant rely on to base it's defense that they are not responsible for publishing inaccurate or unverified information on the Plaintiff's credit file?

Dated this 25th day of May 2013.

Respectfully submitted and signed by
Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334
248 225-9694

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIE J. GREEAR JR., | § | |
| An individual | § | |
| Plaintiff, | § | Case No: **5:13-cv-11896-JCO-DRG** |
| v. | § | |
| EQUIFAX INC., INC., | § | |
| Defendant(s). | § | |

## INTERROGATORIES

To, EQUIFAX INC., INC., Jordan S. Bolton & Brian Olson,  attorney of record for

EQUIFAX INC., INC.,:

You are hereby served with Interrogatories pursuant to Michigan Rules of Civil

Procedure.  Your responses thereto must be served upon the Plaintiff, Willie J. Greear,

Jr., within the time limits specified in the Rules.

### **DEFINITIONS**:

1. "Accuracy" means that the information a furnisher provides to a consumer
reporting agency about an account correctly:
a) Identifies the appropriate consumer
b) Reflects the terms of and liability for the account or other relationship;
c) Reflects the consumer's performance and other conduct with respect to the
account or other relationship.

2. "Verification" Blacks Law Dictionary defines "verification" as the,
"Confirmation of correctness, truth, or authenticity, by affidavit, oath, or
deposition.  Affidavit of truth of matter stated and object of verification is to
assure good faith in averments or statements of party." Black's Law
Dictionary, Sixth Edition, 1990.  What this means is, any debt collector,
creditor or credit reporting agency making the verification must be willing and
able to do this in a court of law.  They must have 1st hand knowledge of the
alleged debt and all that has ever transpired for the alleged account, under oath
and under the penalty of perjury.

alleged debt and all that has ever transpired for the alleged account, under oath and under the penalty of perjury.

**Request No. 1.**      Produce all manuals, correspondence, memoranda, statements and all other documents, referring or relating to Defendant's policies and procedures for verifying that an account being listed on a consumer credit file for the first time identifies the appropriate consumer and that the consumer is the true person that opened the said account.

**Request No. 2.**      Produce all manuals, correspondence, memoranda, statements and all other documents, referring or relating to Defendants policies pertaining to how Defendant is to re-investigate the accuracy of information on a consumer's credit file alleged by the consumer to be inaccurate including the method used by the Defendant to verify that the account that a consumer has disputed belongs to the consumer.

**Request No. 3.**      Produce all manuals, correspondence, memoranda, statements and all other documents referring or relating to Defendants policies and procedures used to assure maximum possible accuracy of the information contained in a consumer credit report.

**Request No. 4.**      Produce copies of all documents that the Defendant has in its possession as of this date that verify that the accounts listed on the Plaintiff's credit file belong to the Plaintiff.

**Request No. 5.**      Produce copies of all documents that the Defendant has in its possession as of this date that verifies the accuracy of the accounts listed on the Plaintiff's credit file.

**Request No. 6.**      Produce copies of all correspondence including electronic messages used between Defendant and the Information Providers of the disputed accounts listed on Plaintiff's first dispute letter (Exhibit "A") during Defendant's re-investigation of these disputed accounts.

Dated this 25th day of  May 2013.


Respectfully submitted and signed by
Willie J. Greear Jr.
 29319 Fieldstone
 Farmington Hills, MI 48334
 248 225-9694

Exhibit "L"

## PROOF OF SERVICE

GC 13 1272

TO PROCESS SERVER: ... ... of the summons and complaint not later than ... ... ... the date of ...
of expiration ... ... ... ... You must make and file your return with ... court. If you are unable ...
service you must return this original and all copies to the court clerk.

### CERTIFICATE (AFFIDAVIT) OF SERVICE/NONSERVICE

**X OFFICER CERTIFICATE**               OR               **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed          Being first duly sworn, state that I am a legally ...
court officer, or attorney for a party (MCR 2 104[A][2]), and          adult who is not a party... or an officer of a corporate par...
that      (notarization not required)          that      (notarization required)

**X** I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with

List all documents served with the Summons and Complaint

_____ on the defendant(s).

| Defendant's name EQuiFAX, INC C/o PRENTICE HALL Accepted By Authorized Agent Michelle Dell | Complete address(es) of service 601 N. ABoTT E. Lansing, MI. COPY | Day, date, time MON 4-8-13 2⁵⁵ Pm |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s)
and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
| --- | --- | --- |
|  |  |  |

*(stamp: 54TH DISTRICT COURT 2013 APR 19 A 11: 24 RECEIVED)*

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $23.00 | Miles traveled 26 | Mileage fee $21.66 | Total fee $44.66 |

Signature

Name (type or print) **TRENTON A. TAYLOR**
**DEPUTY SHERIFF INGHAM COUNTY**

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____          Signature: _____
Date          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

on _____
Day, date, time

on behalf of _____

# Exhibit M

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

WILLIE J. GREEAR JR.,                    )
                                         )
      Plaintiff,                     )
                                         )
vs.                                      )    Case No.: 5:13-cv- 11896-JCO-DRG
                                         )
EQUIFAX INC.,                            )
                                         )
      Defendant.                     )
                                         )
_____)

WILLIE J. GREEAR, JR.
29319 Fieldstone
Farmington Hills, MI 48334
248/225-9694
Plaintiff, Pro Se

CLARK HILL PLC
Jordan S. Bolton (P66309)
500 Woodward Avenue, Ste. 3500
Detroit, MI 48226-3435
(313) 965-8300
Email: JBolton@clarkhill.com
Attorneys for Equifax Inc.

KING & SPALDING LLP
Brian Olson
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
Email: BJOlson@kslaw.com
Attorneys for Equifax Inc.

## DEFENDANT EQUIFAX INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS

Defendant, Equifax, Inc., by counsel, responds to Plaintiff's First Request for Admissions as follows:

## REQUEST FOR ADMISSIONS

## REQUEST FOR ADMISSION NO. 1:

Please admit that each of the following documents, attached as exhibits to this Request, are true and correct copies of documents sent to you via certified mail by the Plaintiff and

received by you the Defendant:

| **Attachment**: | **Description of Exhibit**: |
|---|---|
| Exhibit "A" - | Plaintiff's dispute letter #1 dated 09/19/2012 |
| Exhibit "B" - | Plaintiff's dispute letter #2 dated 10/09/2012 |
| Exhibit "C" - | Plaintiff's dispute letter #3 dated 10/29/2012 |
| Exhibit "D" - | Plaintiff's dispute letter #4 dated 11/16/2012 |
| Exhibit "E" - | Plaintiff's dispute letter #5 dated 12/10/2012 |

**Note**: all 5 documents listed above are attached and appropriately marked as Exhibits A, B, C, D and E.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Denied.

## REQUEST FOR ADMISSION NO. 2:

As of this date the Defendant does not have any documents in their possession that verify that the accounts listed on Plaintiff's dispute letter # 5 (Exhibit "E" attached) are accounts that the Plaintiff applied for.

## RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Admitted.

## REQUEST FOR ADMISSION NO. 3:

Defendant is a for profit business that charges a fee to every creditor and or insurer who wants access to the information on the Plaintiff's credit file.

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Denied.

## REQUEST FOR ADMISSION NO. 4:

Defendant did not request that any of the information providers send them a copy of the Plaintiff's signed credit application forms that were used by all of the creditors to open any of the accounts listed on Plaintiff's dispute letter #5 (Exhibit "E"), to be sent to them as part of Defendants re-investigation into Plaintiff's disputed accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Equifax Inc. objects to this Request on the grounds that it is vague and ambiguous.

Equifax Inc. further states that no "information providers" sent it any information concerning

Plaintiff.

**REQUEST FOR ADMISSION NO. 5:**

Defendant did not inform any of the account information providers for the accounts being disputed by the Plaintiff that the Plaintiff was requesting a copy of the signed credit application used to open the account being disputed as proof of verification that the account belonged to the Plaintiff.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Equifax Inc. objects to this Request on the grounds that it is vague and ambiguous.

Equifax Inc. further states that no "information providers" sent it any information concerning

Plaintiff.

**REQUEST FOR ADMISSION NO. 6:**

Information for a new account submitted by an information provider to be listed on a consumer credit report compiled by the Defendant begins when a consumer fills out and signs a credit application form.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Upon reasonable inquiry, Equifax can neither admit nor deny this Request.

**REQUEST FOR ADMISSION NO. 7:**

Defendant has no documents in their files that verify the accuracy of all of the accounts being disputed by the Plaintiff in his first dispute letter (Exhibit "A").

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Defendant did not delete any of the accounts Plaintiff listed on his 5th dispute letter (Exhibit "E") even though Defendant failed to produce copies of any documents that would prove that they had verified the accuracy of those disputed accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Equifax Inc. did not receive any dispute letter from Plaintiff.

**REQUEST FOR ADMISSION NO. 9:**

Defendant failed to delete all of the unverified accounts that the Plaintiff disputed in his five dispute letters attached and marked as Exhibits "A", "B", "C", "D" and "E".

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10:**

Defendant failed to give Plaintiff any physical delivery of evidence that would support their finding that the disputed accounts listed on Exhibit "E" were verified.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

Defendant does not have any documents in their possession that verify accuracy of all of the disputed accounts listed on Plaintiff's Dispute Letter #5 (Exhibit "E").

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted.

**REQUEST FOR ADMISSION NO. 12:**

Defendant relied entirely on the information provider's word that the disputed items listed on Plaintiff's Dispute Letter #5 (Exhibit "E") were verified to be accurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Equifax Inc. did not receive a dispute letter from Plaintiff.

**REQUEST FOR ADMISSION NO. 13:**

Defendant's failure to produce any documents from their files that would verify the accuracy of the disputed items listed on Plaintiff's Dispute Letter #1 (Exhibit "A") within 30 days is proof that there were no files in their possession that would verify the accuracy of the disputed items.

Page 4 of 5

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Defendant admits that refusing to remove any of the disputed accounts after receiving five dispute letters from the Plaintiff asking them to remove all of the disputed accounts that they could not verify the accuracy of is proof that they willfully violated the Fair Credit Reporting Act.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15:**

Defendant believes that they are not responsible for verifying the information provided to them by an information provider before publishing that information on the Plaintiff's credit report and that if they publish inaccurate or unverified information on the Plaintiff s credit report they are not at fault it is the fault and negligence o the information provider.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Equifax Inc. objects to this Request on the basis that it is vague and ambiguous.  Equifax

Inc. further states that it did not receive information from any "information provider" concerning

Plaintiff.

This 29th day of August, 2013.

Respectfully submitted,

By: _____

Jordan Bolton
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
Tel: (313) 965-8300
Fax: (313) 965-8252

Brian J. Olson
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600

Page 5 of 5

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

WILLIE J. GREEAR JR.,                    )
                                         )
      Plaintiff,                        )
                                         )
vs.                                      )    Case No.:  5:13-cv- 11896-JCO-DRG
                                         )
EQUIFAX INC.,                            )
                                         )
      Defendant.                        )
_____ )

---

WILLIE J. GREEAR, JR.
29319 Fieldstone
Farmington Hills, MI 48334
248/225-9694
Plaintiff, Pro Se

CLARK HILL PLC
Jordan S. Bolton (P66309)
500 Woodward Avenue, Ste. 3500
Detroit, MI  48226-3435
(313) 965-8300
Email: JBolton@clarkhill.com
Attorneys for Equifax Inc.

KING & SPALDING LLP
Brian J. Olson
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
Email: BJOlson@kslaw.com
Attorneys for Equifax Inc.

---

## EQUIFAX INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Equifax Inc., by counsel, provides the following objections and responses to

Plaintiff's First Requests for Production of Documents:

1

## **GENERAL OBJECTIONS**

1.      Equifax Inc. objects to Plaintiff's Requests, including the definitions and instructions therein, to the extent they are overbroad, unduly burdensome and expensive, seek information that is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence and/or purport to create duties that are not imposed by the Federal Rules of Civil Procedure or by the Local Rules for this District. [tl note:  are the instructions and definitions really that objectionable?]

2.              3.                      Nothing contained herein shall be construed as an admission by Equifax Inc. relative to the existence or nonexistence of any information or documents, and no response shall be construed as an admission respecting relevance or admissibility or any information or document or the truth or accuracy of any statement or characterization contained in any document request.

3.      Equifax Inc. objects to each and every one of the Requests to the extent it seeks the production of information that is subject to the attorney-client privilege, work product doctrine, or other privileges, or that are trial preparation materials within the meaning of Rule 26 of the Federal Rules of Civil Procedure, on the grounds that privileged matter is exempt from discovery and trial preparation materials may only be discovered on fulfillment of the requirements set forth in the Federal Rules of Civil Procedure, which requirements have not been met.

4.      Equifax Inc. will make reasonable efforts to respond to each of the Requests, to the extent that no objection is made, as Equifax Inc. understands and interprets the Request.  If plaintiff subsequently assert any interpretation of any Request that differs from Equifax's interpretation, Equifax reserves the right to supplement its objections and responses.

2

5.      The information supplied in these Responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents and attorneys, unless privileged.

## OBJECTIONS AND RESPONSES

Subject to the General Objections set forth above, Equifax Inc. responds to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:** Produce all manuals, correspondence, memoranda, statements and all other documents, referring or relating to Defendant's policies and procedures for verifying that an account being listed on a consumer credit file for the first time identifies the appropriate consumer and that the consumer is the true person that opened the said account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous.  , Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:** Produce all manuals, correspondence, memoranda, statements and all other documents, referring or relating to Defendants policies pertaining to how Defendant is to re-investigate the accuracy of information on a consumer's credit file alleged by the consumer to be inaccurate including the method used by the Defendant to verify that the account that a consumer has disputed belongs to the consumer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**  Produce all manuals, correspondence, memoranda, statements and all other documents referring or relating to Defendants policies and procedures used to assure maximum possible accuracy of the information contained in a consumer credit report.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous.  Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**  Produce copies of all documents that the Defendant has in its possession as of this date that verify that the accounts listed on the Plaintiff's credit file belong to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous.  Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**  Produce copies of all documents that the Defendant has in its possession as of this date that verifies the accuracy of the accounts listed on the Plaintiff's credit file.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous. Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:** Produce copies of all correspondence including electronic messages used between Defendant and the Information Providers of the disputed accounts listed on Plaintiff's first dispute letter (Exhibit "A") during Defendant's reinvestigation of these disputed accounts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Equifax Inc. objects to this request on the basis that it is vague and ambiguous. Subject to and without waiving these objections, Equifax Inc. responds that it is not in possession of any documents responsive to this request.

By: _____
Jordan Bolten
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
Fax: (313) 965-8252

*Attorney for Equifax Inc.*

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

WILLIE J. GREEAR JR.,         )
                         )
      Plaintiff,          )
                         )
vs.                        )      Case No.:  5:13-cv- 11896-JCO-DRG
                         )
EQUIFAX INC.,          )
                         )
      Defendant.         )
_____ )

WILLIE J. GREEAR, JR.
29319 Fieldstone
Farmington Hills, MI 48334
248/225-9694
Plaintiff, Pro Se

CLARK HILL PLC
Jordan S. Bolton (P66309)
500 Woodward Avenue, Ste. 3500
Detroit, MI  48226-3435
(313) 965-8300
Email: JBolton@clarkhill.com
Attorneys for Equifax Inc.

KING & SPALDING LLP
Brian J. Olson
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
Email: BJOlson@kslaw.com
Attorneys for Equifax Inc.

## EQUIFAX INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, Equifax Inc., by counsel, provides the following objections and response to

Plaintiff's First Set of Interrogatories:

## OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify each and every person involved in answering these Interrogatories by providing their name, address and telephone number and job description and state the relationship to the Defendant of each of the individuals.

### RESPONSE TO INTERROGATORY NO. 1:

Equifax objects on the basis that it seeks information that is neither relevant to any issue

in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to

and without waiving these objections, Equifax states: Mackenzie Cole, Equifax Information

Services LLC, Office of Consumer Affairs, Consumer Research Analyst, 1550 Peachtree Street,

N.E., Atlanta, Georgia 30309, and Kathryn J. Harris, Equifax, Inc., Assistant Vice President and

Assistant Corporate Secretary, 1550 Peachtree Street, N.E., Atlanta, Georgia 30309.   Mr. Cole

and Ms. Harris can be contacted through their undersigned counsel.

### INTERROGATORY NO. 2:

Identify the names, the business name, address and telephone number of every person contacted by the Defendant, for each account that the Defendant listed on their first letter of dispute (Exhibit "A") dated September 19, 2012 and that the USPS certifies that the Defendant received on September 23, 2012 that Defendant contacted during their re-investigation of the accounts that Plaintiff disputed.

### RESPONSE TO INTERROGATORY NO. 2:

Equifax Inc. did not receive the subject dispute letter from Plaintiff and, therefore, did not

contact any such persons.

### INTERROGATORY NO. 3:

Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his first letter dated

September 23, 2012 and that the USPS certifies that the Defendant received on September 23, 2012

**RESPONSE TO INTERROGATORY NO. 3**:

Equifax Inc. did not receive the subject dispute letter from Plaintiff, is not a consumer reporting agency and, therefore, did not conduct any reinvestigation of disputes.

**INTERROGATORY NO. 4:**

Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his 2nd dispute letter dated October 9, 2012 and that the USPS certifies that the Defendant received on October 14, 2012.

**RESPONSE TO INTERROGATORY NO. 4:**

Equifax Inc. did not receive the subject dispute letter from Plaintiff, is not a consumer reporting agency and, therefore, did not conduct any reinvestigation of disputes.

**INTERROGATORY NO. 5:**

Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his 3rd dispute letter dated October 29, 2012 and that the USPS certifies that the Defendant received on November 3, 2012.

**RESPONSE TO INTERROGATORY NO. 5:**

Equifax Inc. did not receive the subject dispute letter from Plaintiff, is not a consumer reporting agency and, therefore, did not conduct any reinvestigation of disputes.

**INTERROGATORY NO. 6:**

Provide Plaintiff with a description of the procedure used by the Defendant to determine the accuracy and completeness of the information disputed by the Plaintiff in his 4th dispute letter dated November 16, 2012 and that the USPS certifies that the Defendant received on November 21, 2012.

**RESPONSE TO INTERROGATORY NO. 6:**

Equifax Inc. did not receive the subject dispute letter from Plaintiff, is not a consumer reporting agency and, therefore, did not conduct any reinvestigation of disputes.

**INTERROGATORY NO. 7:**

Provide Plaintiff with a description of the document or documents that the Defendant requests and/or receives from an information provider to verify the accuracy of the information for an account being listed on a consumer's credit file for the first time and that identifies the appropriate consumer and verifies that the consumer is the true person that opened the said account.

**RESPONSE TO INTERROGATORY NO. 7:**

Equifax Inc. objects to this Interrogatory on the basis that it is vague and ambiguous.

Subject to and without waiving these objections, Equifax Inc. states that it did not receive any

information concerning Plaintiff from any "information provider."

**INTERROGATORY NO. 8:**

Provide Plaintiff with a description of the procedure used by the Defendant to evaluate and verify the accuracy of all of the information in their files before disseminating information on a consumer's credit file.

**RESPONSE TO INTERROGATORY NO. 8:**

Equifax Inc. is not in possession of any information responsive to this Interrogatory.

**INTERROGATORY NO. 9:**

What factual basis does the Defendant rely on when you stated in your responses to Plaintiffs dispute letters that the accounts disputed are accurate and/or have already been verified.

**RESPONSE TO INTERROGATORY NO. 9:**

Equifax Inc. is not in possession of any information responsive to this Interrogatory.

**INTERROGATORY NO. 10:**

What legal theory does the Defendant rely on to base it's defense that they are not responsible for publishing inaccurate or unverified information on the Plaintiff's credit file?

**RESPONSE TO INTERROGATORY NO. 10:**

Equifax Inc. is not a consumer reporting agency and did not provide any consumer

reports concerning Plaintiff.

By: _____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|                          | §  |                                    |
|--------------------------|----|------------------------------------|
| WILLIE J. GREEAR JR.,    | §  |                                    |
| An individual            | §  |                                    |
| Plaintiff,               | §  | Case No: **5:13-cv-11896-JCO-DRG** |
| v.                       | §  |                                    |
| EQUIFAX INC.,            | §  |                                    |
| Defendant(s).            |    |                                    |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing: Plaintiff's Motion for Summary Judgment, Memorandum of Law in support of Plaintiff's Motion for Summary Judgment, Affidavit of Willie J. Greear, Jr. in support of Plaintiff's Motion for Summary Judgment Exhibit List, Exhibits, and Proposed Order was sent on the ~~31~~ 10 day of ~~December, 2013,~~ January 2014 by mailing a copy of the same via Certified mail to the following person(s):

Clark Hill PLC
Jordan Bolton
500 Woodward Ave., Suite 3500
Detroit, MI 48226

By
Joi Bodiford-Greear
29319 Fieldstone
Farmington Hills, MI 48334

_____