# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIE J. GREEAR JR., )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>EQUIFAX INC., )<br>)<br>    Defendant. )<br>_____ ) | Case No.: 5:13-cv- 11896-JCO-DRG |

## DEFENDANT EQUIFAX INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant, Equifax Inc., by counsel, pursuant to Federal Rule of Civil Procedure 56, moves for summary judgment in its favor. For the reasons stated in the accompanying brief, Equifax Inc.'s motion should be granted.

Respectfully submitted this 17th day of January, 2014, by:

                              By:*/s/ Jordan S. Bolton*_____
                                Jordan Bolton (P66309)
                                Clark Hill, PLC
                                500 Woodward Avenue, Suite 3500
                                Detroit, MI  48226
                                Tel: (313) 965-8300
                                JBolton@ClarkHIll.com

                                Brian J. Olson
                                King & Spalding LLP

                                *Attorneys for Equifax Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

WILLIE J. GREEAR JR.,

    Plaintiff,

vs.    Case No.: 5:13-cv- 11896-JCO-DRG

EQUIFAX INC.,

    Defendant.

## MEMORANDUM IN SUPPORT OF DEFENDANT EQUIFAX INC.'S MOTION FOR SUMMARY JUDGMENT

## **CONCISE STATEMENT OF ISSUES PRESENTED**

The fundamental basis for summary judgment is that Equifax Inc. is not a consumer reporting agency that is subject to the FCRA.

5:13-cv-11896-JCO-DRG   Doc # 8   Filed 01/17/14   Pg 3 of 16   Pg ID 101

## **CONTROLLING/MOST APPROPRIATE AUTHORITY**

*Slice v. Choicedata Consumer Servs., Inc*., 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005)

# INTRODUCTION

Plaintiff alleges that Equifax Inc. violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, by failing to provide him with documents Equifax Inc. supposedly had "on file" that were used to verify four accounts disputed by Plaintiff and verified by the furnisher of the information to Equifax Inc. Plaintiff also claims that Equifax Inc. did not properly reinvestigate the accounts he disputed because, he alleges, it relied on the furnisher for verification of the accuracy of the information. Moreover, he claims that Equifax Inc. failed to follow reasonable procedures to assure maximum possible accuracy of his credit report. Equifax Inc. now moves for summary judgment on those claims, and the motion should be granted.

The fundamental basis for summary judgment is that Equifax Inc. is not a consumer reporting agency that is subject to the FCRA. Indeed, numerous federal courts uniformly have so held, and have dismissed purported FCRA claims against Equifax Inc. It is undisputed that Equifax Inc. did not issue any consumer reports concerning Plaintiff, does not maintain any consumer credit files, and did not conduct a reinvestigation of the accounts disputed by Plaintiff. Federal courts, including courts in this Circuit, unanimously have held that Equifax Inc. is not a consumer reporting agency and, therefore, is not subject to the FCRA. Consequently, these courts consistently have granted summary judgment in favor

of Equifax Inc. There is no basis for this Court to rule any differently. Accordingly, the Court should grant Equifax Inc.'s motion for summary judgment and dismiss this case.

**STATEMENT OF RELEVANT FACTS**

**I.     PLAINTIFF'S COMPLAINT**

Plaintiff's eight-page Complaint names one defendant: "Equifax Inc." (*See* Doc. 1.) The Complaint, which consists mostly of recitations of various FCRA provisions, alleges that Plaintiff was "preparing to apply for a credit card and requested a copy of his Equifax credit file from Equifax." (*Id.*, ¶ 16.) He alleges that he then requested and received a copy of his Equifax credit file, which purportedly included accounts that "he believed to be inaccurate." (*Id.*, ¶ 18.) From September 2012 through December 2012, Plaintiff sent five dispute letters to Equifax disputing a Ford Motor Credit account and three bankruptcies on his file. (*Id.*, ¶¶ 19-30.)

Plaintiff admits that "Equifax" contacted him in response to each of his disputes and notified him that "all of the disputed accounts were verified by the original creditor." (*Id.*) Plaintiff also alleges that he requested that Equifax provide him with documents it had "on file" that were used to verify the disputed accounts. (*Id.*) Nothing in the Complaint or Plaintiff's document production

indicates that the only defendant in this case, Equifax Inc., provided any disclosures to Plaintiff or reinvestigated any of Plaintiff's disputes.

## II.     EQUIFAX INC. IS NOT A CONSUMER REPORTING AGENCY

In fact, Equifax Inc. is a holding company. (Declaration of Kathryn J. Harris ["Harris Decl."], attached as Exhibit 1, ¶ 3.)  Equifax Inc. is incorporated and headquartered in Georgia and has no income except for that derived from its ownership interests in its subsidiaries and affiliates. (*Id*.)  Equifax Inc. is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information, or any other information on consumers for the purpose of furnishing reports on consumers to third parties, and has not been in that business at any time during the period from 1977 to the present. (*Id*., ¶¶ 5-6.)

Stated simply, Equifax Inc. is not a consumer reporting agency. (*Id*., ¶ 4.) Equifax Inc. did not receive, assemble, or otherwise deal with any consumer credit information, or any other information, regarding Plaintiff. (*Id*., ¶ 7.)  It did not prepare or furnish a consumer credit report or any other type of report regarding Plaintiff, nor did it own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information concerning Plaintiff. (*Id*., ¶¶ 8-9.)  Furthermore, Equifax Inc. did not receive or handle any disputes from Plaintiff concerning the contents of his credit file, or make any representations to him regarding his file. (*Id*. ¶ 10.)

### III. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed his Complaint, naming Equifax Inc. as the sole defendant, on April 1, 2013. (Doc. 1.) In its answer to the Complaint, Equifax Inc. advised Plaintiff that it is not a consumer reporting agency and not a proper party to this case. (Doc. 2, pp. 6-7.) Likewise, in its Initial Disclosures, served on July 1, 2013, Equifax Inc. reiterated that it "is not a consumer reporting agency." (*See* Equifax Inc.'s Initial Disclosures, Exhibit B to Harris Decl., ¶ B.) Furthermore, in its responses to Plaintiff's interrogatories, served on August 29, 2013, Equifax Inc. yet again advised Plaintiff that he had "sued the wrong entity" because Equifax Inc. "is not a consumer reporting agency." (*See* Equifax Inc.'s Responses to Plaintiff's Interrogatories, Exhibit A to Harris Decl., ¶¶ 3, 4, 10.)

The Court entered its scheduling order in this case on July 17, 2013. (Doc. 5.) The discovery period closed on December 17, 2013. (*Id.*, ¶ 1.) At no time prior to the close of discovery or, indeed, in the nearly ten months since Plaintiff filed his Complaint did he make any effort to act on the multiple notices Equifax Inc. provided him concerning his suing an improper party. Accordingly, Equifax Inc. now moves for summary judgment on all of Plaintiff's claims.

### ARGUMENT AND CITATION OF AUTHORITY

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the

8

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.* Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

**I.  BECAUSE EQUIFAX INC. IS NOT A CONSUMER REPORTING AGENCY, FEDERAL COURTS, INCLUDING COURTS IN THIS CIRCUIT, CONSISTENTLY GRANT SUMMARY JUDGMENT IN FAVOR OF EQUIFAX INC. IN LAWSUITS BROUGHT UNDER THE FCRA.**

Plaintiff's claims relate to his consumer credit file, reinvestigations of his disputes, and consumer credit reports issued by Equifax Information Services LLC ("EIS"), which is not a party to this lawsuit. The undisputed evidence demonstrates that EIS, not Equifax Inc., maintains Plaintiff's credit file, issued credit reports regarding Plaintiff, and responded to Plaintiff's disputes. *See* Harris Decl. ¶ 12. As detailed above, the undisputed evidence demonstrates that Equifax

9

Inc. is not a consumer reporting agency; does not maintain a database of consumer credit information; does not handle consumer credit files or issue consumer credit reports; does not investigate consumer disputes regarding information in credit files; did not receive, assemble, or otherwise deal with any consumer credit information or any other information regarding Plaintiff; and did not prepare or furnish a consumer credit report or any other type of report regarding Plaintiff. *Id.*, ¶¶ 4, 7-8.[1]

Because Equifax Inc. is not a consumer reporting agency, federal courts consistently grant summary judgment in favor of Equifax Inc. in FCRA lawsuits filed by consumers based on allegations similar to those made by Plaintiff here. Indeed, courts in this Circuit have encountered exactly this issue and dismissed claims filed against Equifax Inc. In *Slice v. Choicedata Consumer Servs., Inc.*, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005), plaintiff purported to assert claims under the FCRA against Equifax Inc., alleged that it was a consumer reporting agency, and alleged that it had distributed a consumer report in violation of the FCRA. The court in *Slice* cited extensively from the declaration provided by Equifax Inc.'s representative Kathryn Harris in its opinion, reciting the same undisputed facts that are before this Court in Ms. Harris's declaration:

---

[1] A "consumer reporting agency" is defined by the FCRA as "any person which, for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."  15 U.S.C. § 1681a(f).

10

> Ms. Harris states that Equifax Inc. is only a holding corporation headquartered in Georgia. Equifax Inc. has no income except for that derived from its ownership interests in its subsidiaries and affiliates. [*Id.* at ¶ 3.] Equifax Inc. is not in the business of, and does not engage in the practice of, assembling or evaluating consumer credit information or any other information on consumers for the purpose of furnishing reports on such consumers to third parties. [*Id.* at ¶ 4.] Equifax Inc. has not engaged in the business or practice of assembling or evaluating any type of information on consumers for the purpose of furnishing reports on such consumers to third parties at any time during the period from 1977 through the present. [*Id.* at ¶ 5.] Equifax Inc. did not receive, assemble or otherwise deal with any consumer credit information or any other information on plaintiff or any other consumer from 1977 to the present. [*Id.* at ¶ 6.] Equifax, Inc. did not prepare or furnish a credit report or any other type of report on plaintiff or any other consumer to any person or entity at any time during the period from 1977 through the present. [*Id.* at ¶ 7.] At no time during the period from 1977 to the present, did Equifax Inc. own, receive, store, maintain, process, or otherwise exercise control over or have possession of any consumer credit data or public records information concerning plaintiff. [*Id.* at ¶ 8.]

*Slice*, 2005 WL 2030690, *1.

Based on those undisputed facts, the *Slice* court granted Equifax Inc.'s motion for summary judgment, holding that a violation of the provisions of the FCRA "necessarily must be committed by a "consumer reporting agency," and that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency:

> As set forth above, it is undisputed that Equifax Inc. is not in the business of assembling or evaluating consumer information for the purpose of preparing consumer reports. It is further undisputed that Equifax Inc. did not prepare a consumer report or assemble or provide consumer information on the plaintiff. Thus, the Court concludes that Equifax Inc. has not violated the FCRA as alleged because it is not a

"consumer reporting agency" and has not furnished or prepared a "consumer report" on the plaintiff.

*Id.*, *3. Accordingly, the *Slice* court concluded, "Equifax Inc.'s motion for summary judgment will be granted and plaintiff's claims against it will be dismissed with prejudice." *Id.*

Similarly, as recently as last year, for example, the District Court for the Eastern District of North Carolina granted summary judgment in favor of Equifax Inc. in almost identical circumstances. *See Channing v. Equifax, Inc.*, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013). As the *Channing* court stated:

> [Equifax Inc.,] which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. It has not been in the business of assembling or evaluating consumer credit information since 1977. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

*Channing*, 2013 WL 593942, *2 (citations omitted).

The *Channing* and *Slice* decisions are two in an unbroken line of decisions from district courts granting summary judgment to Equifax Inc. under circumstances nearly identical to those presented here. *See Ransom v. Equifax Inc.*, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) ("Based on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer

report for [plaintiff].") (granting summary judgment to Equifax Inc.); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (unpublished, copy attached as Exhibit 2) (granting summary judgment to Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA"); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (unpublished) (copy attached as Exhibit 3) (granting Equifax Inc.'s motion for summary judgment); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (unpublished, copy attached as Exhibit 4) (same). Like the courts in *Channing* and *Slice*, these courts relied on testimony from Kathryn Harris, the same Equifax Inc. officer who has provided a declaration in this case, in granting summary judgment to Equifax Inc.

Summary judgment is warranted here just as it was in *Slice*, *Channing*, *Persson*, *Ransom*, *Frihat*, and *Weiler*. The issues and evidence are nearly identical. Equifax Inc. is not a consumer reporting agency and, therefore, is not subject to the FCRA and cannot be held liable under the FCRA. There is no reason for this Court to deviate from this strong and unbroken line of authority. The Court should grant summary judgment in favor of Equifax Inc. and dismiss this case.

## II. EQUIFAX INC. REPEATEDLY NOTIFIED PLAINTIFF THAT IT WAS NOT A PROPER PARTY, AND PLAINTIFF MADE NO EFFORT TO CORRECT THE ERROR.

Equifax Inc. repeatedly notified Plaintiff that it is not a consumer reporting agency. In its answer, filed on May 6, 2013, Equifax Inc. stated that it is "not a consumer reporting agency" and further stated that it is "not a proper party." Doc. 2 ¶ 1, & pp. 6, 7. More to the point, in response to Plaintiff's interrogatories, served by Equifax Inc. on August 29, 2013, Equifax Inc. specifically advised Plaintiff that "Plaintiff sued the wrong entity. Equifax Inc. is not a consumer reporting agency. Information related to plaintiff's credit file and/or disputes would be in possession, custody and control of Equifax Information Services LLC." Equifax Inc.'s Responses to Plaintiff's Interrogatories, Exhibit A to Harris Decl., ¶¶ 3-6, 10.

Plaintiff made no effort to act on that information and did not serve or file an amended complaint. And, in Equifax Inc.'s Initial Disclosures, it again advised Plaintiff that it "is not a consumer reporting agency" as defined by the FCRA and added that it "has no documents regarding Plaintiff's claims." Equifax Inc.'s Initial Disclosures, Exhibit B to Harris Decl., ¶ B. Equifax Inc. also identified Ms. Harris – the declarant in support of this motion – as a witness who would testify that Equifax Inc. is not a CRA and does not maintain a consumer credit file

regarding Plaintiff. *Id*. at 1. Yet Plaintiff made no effort to depose Ms. Harris or otherwise attempt to substitute the proper party as a defendant.

With discovery closed and the trial term looming, the time to amend pleadings has long passed. As detailed above, Plaintiff was advised on multiple occasions that he could not maintain a claim against Equifax Inc. Yet he still made no effort to amend his pleadings at any time prior to the expiration of discovery in this case. Accordingly, Plaintiff's complete inaction regarding proper parties further justifies the entry of summary judgment in favor of Equifax Inc.

## **CONCLUSION**

For the reasons stated, Equifax Inc.'s Motion for Summary Judgment should be granted.

Respectfully submitted this 17th day of January, 2014, by:

By:*/s/ Jordan S. Bolton*_____
Jordan Bolton (P66309)
Clark Hill, PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
JBolton@ClarkHIll.com

Brian J. Olson
King & Spalding LLP

*Attorneys for Equifax Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via the CM/ECF system, which will send notification to all properly registered counsel/parties. In addition, a copy was served this 17th day of January, 2014 via U.S. Mail to:

    Willie J. Greear Jr.
    29319 Fieldstone
    Farmington Hills, MI  48334

                      By:*/s/ Jordan S. Bolton*_____
                         Jordan Bolton (P66309)
                         Clark Hill, PLC
                         500 Woodward Avenue, Suite 3500
                         Detroit, MI  48226
                         Tel: (313) 965-8300
                         JBolton@ClarkHIll.com

                         Brian J. Olson
                         King & Spalding LLP

                         *Attorneys for Equifax Inc.*