IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | § | |
|---|---|---|
| WILLIE J. GREEAR JR., | § | |
| An individual | § | Case No: **5:13-cv-11896-JCO-DRG** |
| Plaintiff, | § | |
| v. | § | |
| EQUIFAX INC., | § | |
| Defendant(s). | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Willie J. Greear Jr., Plaintiff, hereby respectfully submits the following Opposition to Plaintiff's Motion for Summary Judgment and Memorandum of Law in support of Plaintiff's Opposition. Plaintiff requests that this Court also include all of Plaintiff's Motion for Summary Judgment pleadings that the Plaintiff filed prior to the Defendant's filing of their motion and that are already on file with this Court be included in support of Plaintiff's opposition to Defendant's motion for summary judgment.

The Motion at issue and reasons for the Court to deny Defendant's motion are set out in this Memorandum of Law, and in Plaintiff's Motion for Summary Judgment pleadings that the Plaintiff filed prior to the Defendant filing their motion.

This opposition is made on the grounds that the Defendant has lied to this Court and their actions in this matter clearly show that they acted as a credit reporting agency and not simply as a holding company of a bunch of subsidiaries and affiliates as they claim. Considering their actions Defendant is not entitled to a Summary Judgment as a matter of law. Instead, the Plaintiff's motion for summary judgment should be granted.

Willie J. Greear Jr., Plaintiff, hereby respectfully submits the following undisputed facts in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

**I ) <u>DEFENDANT LIED TO THIS COURT</u> WHEN THEY STATED THAT THEY DID NOT ISSUE ANY CONSUMER REPORTS CONCERNING THE PLAINTIFF, THEY DID NOT MAINTAIN ANY CONSUMER CREDIT FILES, AND THEY DID NOT CONDUCT A REINVESTIGATION OF THE ACCOUNTS DISPUTED BY THE PLAINTIFF.**

Defendant claims in their pleadings in support of their motion that it is an undisputed fact that they did not issue any consumer credit reports concerning the plaintiff, that they did not maintain any consumer credit files, and that they did not conduct a re-investigation of any of the accounts disputed by the Plaintiff.

**<u>This is an outright blatant lie</u>.**

The true facts clearly show that the Plaintiff filed with this Court and served the Defendant with their own motion for summary judgment in this case prior to the Defendant filing their motion for summary judgment. In Plaintiff's pleadings in support of their own motion for summary judgment was an affidavit from the Plaintiff whereby he swore under oath the following:

1. On or about 9/1/2012 I went to the Equifax website located at http://www.Equfax.com and requested a copy of my credit report from the Defendant Equifax Inc.. (Equifax Inc. owns the domain Equifax.com and owns the website Equifax.com)

2. On or about 9/17/2012 Defendant, Equifax Inc. sent me a copy of my credit report. After reviewing my Equifax Credit Report I made note of 5 items that I believed to be inaccurate information that should not be on my credit report.

3. On or about 9/19/2012 I wrote a certified letter to Defendant, Equifax Inc. disputing the items I believed to be inaccurate and asked the Defendant, Equifax Inc. to provide me with copies of all of the documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiff's dispute letter #1 and USPS confirmation that they received said letter.

4. On or about 10/2/2012 the Defendant, Equifax Inc. sent me a response to my first dispute letter noted in paragraph 3 above. The letter was addressed from: EQUIFAX and <u>there was no reference or notation of a company called, Equifax Information Services, LLC</u> on their response letter. Their response appeared to be a boiler-plate letter that stated ***"We have verified that this item belongs to you."*** for each of the disputed items listed on Plaintiff's dispute letter. Defendant also stated in their response that, ***"If you have additional questions about this item please contact [the information provider]..."*** Defendant ignored my request to provide me with copies of all documents that they had in their files that they used to verify the accuracy of the disputed items. Attached hereto as

**Exhibit "F"** is a true and correct copy of Defendant's response to Plaintiff's dispute letter #1.

5) The Plaintiff's affidavit also stated that the Plaintiff sent the Defendant a total of five (5) dispute letters and the Defendant, Equifax Inc. received all five dispute letters. (**See**: Plaintiff's affidavit in support of Plaintiff's motion for summary judgment that was filed with this court prior to the Defendant filing their motion for summary judgment.)

6.) The record shows that the Defendant Equifax Inc. received all five dispute letters from the Plaintiff.

(**See**: Plaintiff's affidavit in support of Plaintiff's motion for summary judgment that was filed with this court prior to the Defendant filing their motion for summary judgment. Also see copies of the USPS (United States Postal Service) proof of delivery documents as attached exhibits to Plaintiff's affidavit.)

7) The record shows that the Defendant Equifax Inc. responded to all of the Plaintiff's dispute letters and that all of the Defendant's responses clearly showed that the responses came from the Defendant and NOT Equifax Information Services, LLC. Their letter's in reply to Plaintiff's dispute letters were addressed from: EQUIFAX and there was no reference or notation of a company called, Equifax Information Services, LLC on their response letters.

(**See**: Plaintiff's affidavit in support of Plaintiff's motion for summary judgment that was filed with this court prior to the Defendant filing their motion for summary judgment. Also see copies of the Defendant's responses to Plaintiff's dispute letters that were attached as Exhibits to Plaintiff's affidavit.)

The undisputed facts clearly show that the Defendant was the only party to communicate with the Plaintiff. The fictional entity in this matter, Equifax Information Services, LLC was never involved in any of the responses to Plaintiff's dispute letters.

## II ) Kathryn J. Harris, AFFIANT FOR THE DEFENDANT, LIED UNDER OATH IN HER DECLARATION IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Kathryn J. Harris, in paragraph number 10 of her declaration in support of Defendant's motion for summary judgment, testified under oath that, *"Equifax Inc. did not receive or handle any disputes from Plaintiff concerning the contents of his credit file, or make any representations to him regarding his file."* This is another outright lie.

Ms. Harris swore under oath that she has personal knowledge of all the facts set forth in this case therefore she lied when she swore to the truth of paragraph #10 noted above. It is either that or she lied when she testified that she has personal knowledge of all the facts in this matter. Either way, she lied.

The evidence clearly shows that the Defendant received all of the Plaintiff's dispute letters and the Defendant, **NOT** Equifax Information Services, LLC, clearly responded to all of Plaintiff's dispute letters.

There is no reference or notation of a company called, **Equifax Information Services, LLC** on Defendant's responses to Plaintiff's dispute letters. Ms. Harris's admits to having knowledge of all the facts and access to all of the dispute letters and responses to the dispute letters in this case so she knows that the Defendant responded to all of Plaintiff's dispute letters not **Equifax Information Services, LLC**. She knows that the Plaintiff has testified that he never received any responses to his dispute letters from Equifax Information Services, LLC. They all came from Equifax, Inc.

She has clearly and intentionally lied to this Court in her declaration in support of Defendant's motion. Her declaration should be dismissed by this Court.

### III ) DEFENDANT'S COMPANY PROFILE ON THEIR WEBSITE ADMITS TO BEING A CREDIT REPORTING AGENCY.

If you go to Equifax's Corporate website at **http://Equifax.com** you will find a link titled "**About Equifax** ®". On this page link you will find the following statements.

*"... we leverage one of the largest sources of consumer and commercial data, along with advanced analytics and proprietary technology to enrich the performance of businesses..."*

*"Equifax Inc. (Equifax) is a consumer credit reporting agency in the United States, and is considered one of the three largest American credit reporting agencies along with Experian and TransUnion."* It also states that, *"Equifax is the oldest of the three agencies and gathers and maintains information on over 400 million credit holders worldwide. Based in Atlanta, Georgia, Equifax is a global service provider with US $1.5 billion in annual revenue and 7,000+ employees in 14 countries."*

Data published on Equifax's Corporate website seems to contradict the declaration of Kathryn J. Harris who claims that Equifax is not a "Consumer Reporting Agency".

### IV ) THE FEDERAL GOVERNMENT WEBSITE AT www.fdic.gov LISTS EQUIFAX INC. AS A CREDIT REPORTING AGENCY

If you go to: http://fdic.gov/consumers/consumer/ccc/reporting.html you will find Equifax Inc. listed as one of the big three credit reporting agencies listed on this government website. There is no mention of a company called Equifax Information Services, LLC. Equifax is aware of what is published about their company on the Internet and I am sure that if there is inaccurate information published by the Federal Government about their company that they would insist that the information be corrected. They have not done so.

### V) WIKIPEDIA LISTS EQUIFAX INC AS A CREDIT REPORTING AGENCY

If you go to the Wikipedia website at: http://en.wikipedia.org/wiki/Equifax you will find Equifax Inc. listed as a credit reporting agency. There is no mention of a company called Equifax Information Services, LLC. Equifax is aware of what is published about their company on the Internet and I am sure that if there is inaccurate information published by the Federal Government about their company that they would insist that the information be corrected. They have not done so.

### CONCLUSION

For the reasons set forth herein and herewith Plaintiff prays that this Court orders the Defendant to immediately remove all of the items that Plaintiff disputed that are listed on his 5th dispute letter marked as Exhibit "E". Plaintiff also prays that this Court will order the Defendant to pay statutory damages, emotional damages and also punish the Defendant for willfully not complying with the FCRA they are supposed to adhere to by ordering them to pay punitive damages in an amount that will make them think twice before treating another consumer like they have treated the Plaintiff and for court costs and any other reasonable fees that this court deems just and proper.

/
//
///
////

Dated this _14__ day of Feburary, 2014.

Respectfully submitted and signed
by Willie J. Greear Jr.
29319 Fieldstone
Farmington Hills, MI 48334

248-225-9694

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLIE J. GREEAR JR., § | |
| An individual § | |
| Plaintiff, § | Case No: **5:13-cv-11896-JCO-DRG** |
| v. § | |
| EQUIFAX INC., § | |
| Defendant(s). | |

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing: Plaintiff's Opposition to Defendant's Motion for Summary Judgment, was sent on the _14_ day of February, 2014, by mailing a copy of the same via Certified mail to the following person(s):

Clark Hill PLC
Jordan Bolton
500 Woodward Ave., Suite 3500
Detroit, MI 48226

By
Joi Bodiford-Greear
29319 Fieldstone
Farmington Hills Mi, 48334

_____