UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIE J. GREEAR JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| vs. | ) | 5:13-cv-11896-JCO-DRG |
| | ) | |
| EQUIFAX INC., | ) | |
| | ) | |
| Defendant. | ) | |

CLARK HILL PLC
Jordan S. Bolton (P66309)
500 Woodward Avenue, Ste. 3500
Detroit, MI  48226-3435
(313) 965-8300
Email: JBolton@clarkhill.com

KING & SPALDING LLP
Brian J. Olson
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-4600
Email:  BJOlson@kslaw.com
Attorneys for Equifax Inc.

### REPLY IN FURTHER SUPPORT OF DEFENDANT EQUIFAX INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant, Equifax Inc., submits this reply in further support of its Motion for Summary Judgment (Doc. 8).  For the reasons discussed both here and in Equifax Inc.'s initial brief, the motion should be granted.

200299263.1 19933/158819

## INTRODUCTION

As Equifax Inc. demonstrated in its initial brief, federal courts, including courts in this Circuit, uniformly have held that Equifax Inc. is not a consumer reporting agency ("CRA") and that claims purportedly brought against it under the FCRA cannot be maintained. Equifax Inc. supported its motion with a declaration from its Assistant Vice President and Corporate Secretary, Kathryn Harris. (Doc. 8-2.)

In Plaintiff's untimely response (filed on February 18, 2014, eight days after the deadline for Plaintiff to file his response), he erroneously asserts that Equifax Inc. is in fact a CRA and that, somehow, Ms. Harris – whose testimony that Equifax Inc. is not a CRA (1) is undisputed before this Court and (2) has been uniformly accepted by the other courts that have granted the same type of dispositive motion that Equifax Inc. makes here – is incorrect. Plaintiff's baseless speculation should be rejected. Equifax Inc. is not a CRA, and its motion for summary judgment should be granted.

## ARGUMENT AND CITATION OF AUTHORITY

Even if Plaintiff had filed a timely response, and if the Court considers his untimely response,[1] his arguments and so-called "evidence" do not come close to withstanding summary judgment. Plaintiff's entire brief is an attempt to demonstrate that Equifax Inc. is a CRA. Plaintiff absurdly asserts that Equifax Inc. "has lied to this court and their actions in this matter clearly show that they acted as a credit reporting agency and not simply as a holding company of a bunch of subsidiaries and affiliates as they claim." Doc. 12 at 1. In support of this inflammatory (and entirely baseless) contention, Plaintiff submits his own self-serving affidavit with (1) contradictory exhibits; (2) incomplete and unauthenticated documents; and (3) hearsay and other statements purportedly made on several websites regarding Equifax Inc. None of this "evidence" has merit and

---

[1] On January 23, 2014, the Court entered an order requiring Plaintiff to file a response to Equifax Inc.'s motion for summary judgment by February 10, 2014. Doc. 10. Plaintiff did not file his response by that deadline and did not file a motion for extension or enlargement of time. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Because Plaintiff did not comply with the rule, his response should be disregarded. His status as a *pro se* litigant does not excuse him from complying with deadlines and other procedural rules. *See Naturalite v. Forner*, No. 10-cv-13564, 2013 WL 154153, *5 (E.D. Mich. Jan. 15, 2013) ("Plaintiff presents no support as to why a *pro se* status constitutes good cause.").

none of it disproves what the other courts that have considered the issue uniformly have held – that Equifax Inc. is not a CRA.

I. **THE AFFIDAVIT AND INCOMPLETE DOCUMENTS PROVIDED BY PLAINTIFF DO NOT DEMONSTRATE THAT EQUIFAX INC. IS A CRA.**

Plaintiff quotes several passages from a previously submitted affidavit in support of his position that, contrary to every other federal court to have considered the issue, Equifax Inc. is a CRA. *See* Doc. 12 at 2-3. The quoted statements, however, are not supported, and in some cases are contradicted, by the affidavit's exhibits. Plaintiff states in his affidavit, for example, that he sent dispute letters to "Equifax Inc." *Id*. at 2. The actual letters tell a different story. The content of each letter is directed to "Equifax" – none mentions Equifax Inc. *See* Doc. 6 at ECF pages 23, 25, 27, 30, 32. Moreover, the certified mail receipts Plaintiff included with his letter-exhibits demonstrate that Plaintiff addressed his initial dispute letter to "Equifax Info[rmation] Services LLC" ("EIS"). *Id*. at ECF page 24. He addressed subsequent letters to "Equifax" or to "Equifax Credit Svc Inc." *Id*. at ECF pages 29, 28, 31, 34, 35. Plaintiff, rather than Equifax Inc., has mischaracterized these communications.

Plaintiff also provided the Court with selected pages from EIS's responses to his disputes. *See id*. at ECF page 40. According to Plaintiff, the responses contain "no reference or notation of a company called, Equifax Information Services,

4

LLC." Doc. 12 at 2-3. "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in" the Federal Rules of Evidence. Fed. R. Evid. 1002. Plaintiff has provided only selected pages of each response and, therefore, has not complied with the best evidence rule. Without the entire document, a trier of fact could not conclude that the document does not mention EIS. *See*, *e.g.*, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 598 (6th Cir. 2009) (best evidence rule applies when the content of a document must be proven). Furthermore, contrary to Plaintiff's affidavit, none of the pages he did provide refer to "Equifax Inc." *See* Doc. 6 at ECF pages 36-40. In short, Plaintiff's speculative arguments are wholly insufficient to defeat the uniform federal case authority that Equifax Inc. is not a CRA.

## II. THE EQUIFAX WEBSITE DOES NOT DEMONSTRATE THAT EQUIFAX INC. IS A CRA.

Plaintiff quotes two statements he allegedly obtained from the Equifax website, Equifax.com. *See* Doc. 12 at 4. The first statement, while from Equifax.com, does not demonstrate that Equifax Inc. is a CRA. The website merely states that "Equifax" is "[a] global leader in information solutions, we leverage one of the largest sources of consumer and commercial data, along with advanced analytics and proprietary technology, to create customized insights that enrich both the performance of businesses and the lives of consumers." *About*

5

*Equifax: Company Profile*, http://www.equifax.com/about_equifax/company_profile/en_us (last visited on Feb. 25, 2014). This broad promotional statement regarding the business of "Equifax" is far from sufficient to counter the sworn testimony of Equifax Inc.'s Assistant Vice President and Corporate Secretary, Ms. Harris.

Plaintiff quotes two other statements he allegedly obtained from Equifax.com, but neither actually appears on the website. *See* Doc. 12 at 4. Plaintiff apparently obtained the statements from a third-party website, which is not under the control of Equifax Inc. or EIS. *Compare* Doc. 12 at 4 *with Equifax: Credit Reports & Scores Guide*, http://www.credit.com/credit-reports/credit-bureau/equifax/ (last visited on Feb. 25, 2014) (copy attached as Exhibit 1). According to the website's home page, "Credit.com is a free, independent comparison service working to educate and empower consumers." Credit.com (last visited on Feb. 25, 2014). Statements on the website are inadmissible hearsay. *See*, *e.g.*, *U.S. v. Hendrickson*, 664 F. Supp. 2d 793, 799 (E.D. Mich. 2009) (holding that reports recounted on website were hearsay; "nothing on the website indicates that these reports were authenticated in any way or that any effort was made to investigate the circumstances behind any reported 'victory'"); *see also Xiuqin Liu v. Attorney General of U.S.*, 449 Fed. Appx. 138, 142 (3d Cir. 2011) ("The test for admissibility is whether the evidence is probative, reliable,

6

and trustworthy. . . . Printouts from websites are generally not reliable."). Such inadmissible "evidence" is insufficient to defeat Equifax Inc.'s motion for summary judgment.

## III. THE FDIC AND WIKIPEDIA WEBSITES DO NOT DEMONSTRATE THAT EQUIFAX INC. IS A CRA.

Plaintiff also provides a citation to a webpage purportedly maintained by the Federal Deposit Insurance Corporation ("FDIC"). Doc. 12 at 5. The citation he provides, however, does not connect to an FDIC webpage, or any other webpage for that matter. Moreover, the website for the Consumer Financial Protection Bureau, which is the federal agency responsible for regulating consumer reporting agencies, lists the relevant Equifax entity as "Equifax Information Services LLC." *Ask CFPB: How do I dispute an error on my credit report?*, http://www.consumerfinance.gov/askcfpb/314/how-do-i-dispute-an-error-on-my-credit-report.html (lasted visited on Feb. 25, 2014) (copy attached as Exhibit 2).

Finally, Plaintiff relies on a quote from the online encyclopedia, Wikipedia. Doc. 12 at 5. Plaintiff has not pointed to, nor does Equifax Inc. know of, any exception to the hearsay rule that would allow admission of statements from Wikipedia. *See Johnson v. Total Renal Care, Inc.*, 2012 WL 896155, *6 (W.D. Tenn. Mar. 15, 2012) (stating in dicta that statements from Wikipedia are hearsay).

Plaintiff's efforts to cobble together bits and pieces of "evidence" to prove that Equifax Inc. is a CRA fails. None of his speculative, hearsay material proves

that Equifax Inc. published any consumer reports concerning him and/or conducted any reinvestigations of his credit file disputes. Accordingly, Equifax Inc.'s motion should be granted.

## CONCLUSION

In short, Plaintiff's efforts at obfuscation and diversion are futile. The undisputed fact remains that federal courts, including courts in this Circuit, consistently have dismissed FCRA claims purportedly asserted against Equifax Inc. for the simple reason that Equifax Inc. is not a CRA. *See* Doc. 8 at 9-13 (citing *Slice v. Choicedata Consumer Servs., Inc.*, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005), and numerous other cases so holding). The testimony of Ms. Harris stands unrebutted by any admissible evidence. Accordingly, the arguments in Plaintiff's untimely response to Equifax Inc.'s Motion for Summary Judgment should be disregarded and Equifax Inc.'s motion for summary judgment should be granted.

Respectfully submitted this 27th day of February, 2014, by:

                    By:/s/Jordan S. Bolton
                      Jordan S. Bolton
                      Clark Hill, PLC
                      500 Woodward Avenue, Suite 3500
                      Detroit, MI 48226
                      Tel: (313) 965-8300
                      Fax: (313) 965-8252
                      P66309

200299263.1 19933/158819

Brian J. Olson
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 215-5806
Fax: (404) 572-5100

*Attorneys for Equifax Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of EQUIFAX INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT was served this 27th day of February 2014 via U.S. Mail to:

>Willie J. Greear Jr.
>29319 Fieldstone
>Farmington Hills, MI 48334

>By: /s/Jordan S. Bolton
>Jordan S. Bolton
>Clark Hill, PLC
>500 Woodward Avenue, Suite 3500
>Detroit, MI 48226
>Tel: (313) 965-8300
>Fax: (313) 965-8252
>P66309